W. C. JONES, wife and others v. H. W. ROBINSON and others, executors of David Settlemoir.

*Will—Construction of—Conflicting Description of Land.*

1. A testator by his will devised that "the plantation that my son G now lives on lying in Burke County three hundred and fifty acres to be sold * * * and the balance of the said land joining G's plantation where he now lives in Burke County to be equally divided with my three sons J, H and G;" the testator had three adjoining tracts of land in Burke County containing respectively 400, 70 and 200 acres, the first two of which had been cultivated by G for many years; *Held,* that under the will the entire plantation, containing the first two tracts (470 acres) should be sold; the words "three hundred and fifty acres", being only an accumulative description of the property and not of the amount of land intended to be sold.

2. It is a well settled rule of construction that where there is in the first place an unambiguous and certain description of the thing, and afterwards another description which fails in certainty, the latter must be rejected.

(*Harvey* v. *Harvey,* 72 N. C. 570; *Blakeley* v. *Patrick,* 67 N. C. 40; *Grier* v. *Rhyne,* 69 N. C. 346; *Pemberton* v. *McRae,* 75 N. C. 497; *Proctor* v. *Pool,* 4 Dev. 370; *Dodson* v. *Green,* 4 Dev. 488; *Stowe* v. *Davis,* 10 Ire. 431; *Woods* v. *Woods,* 2 Jones Eq. 420; *Bradshaw* v. *Ellis,* 2 Dev. & Bat. Eq. 20, cited, distinguished and approved.)

CIVIL ACTION for the Construction of a Will heard at Fall Term, 1877, of CALDWELL Superior Court, before *Cloud, J.*

David Settlemoir died in April, 1840, leaving a last will and testament, as follows; * * * "I will my plantation that I now live on with all the adjoining lands to my son George S. Settlemoir after his mother's death the plantation that my son George now lives on lying in Burke County three hundred and fifty acres to be sold after he gets possession of the plantation I now live on and the money equally divided between my two daughters Sarah Mull and Agnes Settlemoir and the balance of the said land joining George's plantation where he now lives in Burke County to be equally divided with my three sons, Jacob, Henry and George."

In was in evidence that the testator had three tracts of land in Burke, one of 400 acres on which George lived, one of 70 acres, and another of 200 acres (all joining) as evidenced by the deeds for the same, but all the tracts contained a greater number of acres than were called for in the deeds. The two first tracts had been cultivated by the son, George, over ten years previous to his father's death; and after the death of the testator's widow, the defendant executors ran off 350 acres of the two first tracts, embracing all the cultivated land in each so as to sell to the best advantage, and sold the same in 1862, and paid the proceeds thereof to Sarah Mull and the assignee of Agnes Settlemoir.

*The question submitted:* " Was it the intention of the testator to devise, under the above clause of his will, that the executors should sell 350 acres, out of the 400 acre and 70 acre tracts, or, to sell all the lands contained in these tracts and divide the proceeds of sale between said Sarah and Agnes ?"

His Honor held that it was the duty of the executors to sell only 350 acres of the tracts mentioned, and gave judgment accordingly, from which the plaintiffs appealed.

*Messrs. R. F. Armfield* and *G. N. Folk,* for plaintiffs: The words " the plantation that my son now lives on in Burke County" include both the 400 and 70 acre tracts, the words " three hundred and fifty" being words of description only. *Teague* v. *Teague,* 74 N. C. 612 ; *Stowe* v. *Davis,* 10 Ire. 431 ; *Bradshaw* v. *Ellis,* 2 Dev. & Bat. Eq. 20 ; *Dodson* v. *Green,* 4 Dev. 488 ; *Woods* v. *Woods,* 2 Jones Eq. 420 ; Touchstone, Title, *Grant,* L. L. Ed. 55 ; Metcalf on Contracts, 294.

*Messrs. W. H. Bailey* and *M. L. McCorkle,* for defendants: Words may be supplied or abstracted in order to ascertain the meaning of a will, or the intention of the testator. *Tayloe* v. *Johnson,* 63 N. C. 381 ; 2 Car. Law Repository 266 ; *Harvey* v. *Harvey,* 72 N. C. 570 ; *Jones* v. *Norfleet,* 7 Jones

473 ; *Rogers* v. *Brickhouse,* 5 Jones Eq. 301 ; *Dew* v. *Barnes,* 1 Jones Eq. 149; *Black* v. *Ray,* 1 Dev. & Bat. 334; *McLennon* v. *Chisholm,* 66 N. C. 100.

BYNUM, J.  A construction is asked of the following clause of the will, viz ; " The plantation that my son George S. Settlemoir now lives on lying in Burke County three hundred and fifty acres to be sold after he gets possession of the plantation that I now live on &c."   The ambiguity of meaning arises out of the total lack of punctuation in the sentence.   A careful consideration of this clause, and of the whole will, does not fully satisfy us of the intention of the testator.   Did he mean that only 350 acres, *out* of the plantation, should be sold, or did he mean that the plantation, estimated to contain 350 acres, should be sold ?   Both parties agree that the whole plantation, having been worked for a number of years as one farm, consisted of two adjoining tracts, one of 400 acres, and the other of 70 acres.

After much thought, we have concluded that the meaning of the testator was, that the entire plantation should be sold, and that the words " three hundred and fifty acres" are only an accumulative description of the property, and not of the amount of land intended to be sold ; as much as to say, " I will that my plantation in Burke County, that is, three hundred and fifty acres, be sold."   Considering the designation of the number of acres as only an alternative description of the plantation, the rule of construction is well settled, that where there is in the first place an unambiguous and certain description of the thing, and afterwards, another description which fails in certainty, the latter shall be rejected.   The authorities cited by the plaintiffs' counsel, as well as good sense, establish this proposition.   That the testator meant that the whole plantation should be sold, we think sufficiently appears from the following reasons :—

1. The case agreed admits that the two tracts, one of 400

acres and, the other of 70 acres, in all 470 acres, compos-
the "plantation" upon which the son, George, reside
The testator proceeds in the same sentence thus: "An
the balance of the land *joining* George's plantation whe[r]
he now lives in Burke County to be equally divided, &c."
The testator in fact owned another tract of land *joining*
George's plantation. Now if 350 acres are carved out of
the "plantation" which consists of 470, there would h
left remaining, 120 of the plantation, undisposed of; fo
the words of the will, "the balance of my land joining
George's plantation," do not embrace the plantation itself
or any part of it, but do fit and embrace the other land,
outside of, but joining the plantation. The contention of
the defendants cannot prevail, unless they can show by
some established rule of construction, that "the balance of
my land joining George's plantation" mean not only the
adjoining land, but a part of the plantation itself. But
where the words of a will clearly embrace a particular
thing, and do not embrace another, Courts are not at liber-
ty to change or enlarge the language of the testator, so as to
apply to and embrace the other thing; and especially is
this so, where neither the context of the will nor the gen-
eral purpose of the testator, requires such a construction.
Nothing else appearing, the ordinary presumption is, that
a testator will make an equal distribution of his property
among his children. By giving effect to the will as we
construe it, we see little or no disparity between the devises
and bequests to them; for while the daughters get more
land than two of their brothers, they get fewer slaves; and
the other brother, George, apparently gets a larger share
than either of the others. So the construction contended
for by the defendants derives no support from the other
provisions of the will.

2. If 350 acres of land are to be carved out of the plan-
tation and sold, what part is it and how is it to be ascer-

tained? The will does not designate the part, or make any provision for ascertaining and setting it apart. The case is unlike *Harvey* v. *Harvey*, 72 N. C. 570. There, the testator devised to his son A 250 acres of land including the buildings which he occupied, and to his son B 250 acres including the buildings where he resided, and the residue to be sold, and the proceeds to be divided among his other children. The Court, after some hesitation, and that they might not declare the devises void for uncertainty, held that the children were tenants in common, and that it was competent for the Court, by intervention of commissioners, to render that certain which was before uncertain, and thus effectuate the intention of the testator. There, the devises were certain to the extent that they included the buildings where each son resided, and thus constituting initial points from which the devises could be ascertained and made certain. But in our case there is no starting point from which the 350 acres can be laid off and set apart. It is true that the executors did carve out of the plantation and sell 350 acres of the land, but it was by a law unto themselves, and as they pleased. None of the parties interested could interpose and say that it should be taken from this or that part of the tract, because all were equally in the dark, where the will was silent.

We do not say that the construction contended for by the defendants would make the devise void for the uncertainty, though the cases of *Blakeley* v. *Patrick*, 67 N. C. 40, *Grier* v. *Rhyne*, 69 N. C. 346, and *Pemberton* v. *McRae*, 75 N. C. 497, are strong authorities to that effect; but in endeavoring to ascertain the intention of the testator, which certainly was that his will should take effect, we are not to suppose that he would make a disposition of any part of his property, which would subject it to the risk of being declared void, as in *Proctor* v. *Pool*, 4 Dev. 370. On the contrary. we feel bound to give the same construction of the will in this case,

as was given in *Dodson* v. *Green*, 4 Dev. 488; *Stowe* v. *Davis*, 10 Ire. 431; *Woods* v. *Woods*, 2 Jones Eq. 420; *Bradshaw* v. *Ellis*, 2 Dev. and Bat. Eq. 20.  *Woods* v. *Woods*, was a case much like the present, and we think is decisive of it. There, the testator devised "the tract of land whereupon I now live and reside, containing two hundred and twenty-five acres more or less."   The tract was made up of an original tract, and several others afterwards added, and which had been used by the testator as one plantation.   It really contained between four and five hundred acres, yet it was held that all was conveyed by the terms of the devise.

Our opinion upon the case agreed is that it was the intention of the testator that the whole plantation, composed of the 400 acre tract and the 70 acre tract, should be sold, and the proceeds divided between Sarah Mull and Agnes Settlemoir.

There is error.

PER CURIAM.                    Judgment reversed.