AMBROSE GRUBB et al. v. W. C. FOUST et al.

*Devise— Will—Description—Evidence.*

The description in a will, "I give and devise to my wife all my interest
in 1,029 acres of land for life," &c., and then, after giving to sev-
eral persons named undivided portions thereof,·"the balance of
said land to be equally divided between all my children," &c.,
there being nothing to indicate that the testator had other lands,
is not so vague as to render the devise void, and parol evidence is
competent to identify the land.

CIVIL ACTION for the recovery of land, tried before *Clark*,
*J.*, at December Term, 1887, of DAVIDSON Superior Court.

The plaintiffs claim title to the land, 1,029 acres, described
in the complaint "as heirs at law and devisees of Joseph
·Gordon, Sr."

The defendants also claim title to the land in their pos-
.session, respectively derived from Joseph Gordon, Sr., or by
long possession under color of title.

The separate answers of Robt. Williams, Mary P. Moore
.and E. A. Clodfelter are sent up with the record.

The answer of Robert Williams denies the title of the
plaintiffs—alleges title in himself to 170 acres of the land
·claimed by plaintiffs, which is described by metes and
bounds in his answer, disclaims as to the balance, and says
·"that he has been in the continued possession of the said
tract of land (170 acres) under a deed for more than forty
.years. under known and visible lines and boundaries, and
under colorable title, claiming the same as his own adversely
·to the plaintiffs and all others, and for more than seven
.years before the commencement of this action," &c., and
relies on the statute.

Mary P. Moore answers for herself and R. B. Hefler (her
tenant), and denies the title of the plaintiffs. She claims
·title to 500 acres of the land described in her answer by

virtue of a conveyance from "Joseph Gordon, Sr., ancester of the plaintiffs," made in 1838, to one Lee, trustee, &c., and *mesne* conveyances—the land conveyed to Lee being the land described in the plaintiffs' complaint. She further says that she and those under whom 'she claims have been in possession under color of title up to known and visible boundaries, claiming adversely to all others, for more than forty years, &c., and relies upon the statute.

A. E. Clodfelter answers denying title of plaintiffs, and claiming title to thirty-four acres, described in his answer.

These answers present the questions in controversy.

On the trial the plaintiffs introduced a deed from John H. Finch, dated October 22d, 1838, conveying in fee 1,029 acres of land, alleged by plaintiffs to be the *locus in quo*, to Joseph Gordon, Sr., under whom all the plaintiffs and most of the defendants claim title.

Plaintiffs then introduced the will of Joseph Gordon, Sr., in which occurs the following:

"I give and devise to my beloved wife, Eve M. Gordon, all my interest in 1,029 acres of land to have during her life or widowhood, and I also will to my son, James Gordon's heirs, 25 acres of land, and also Joseph Gordon's heirs, 25 acres of land, and also John Gordon's heirs, 25 acres of land, and also William Gordon's heirs, 25 acres of land, and also my son Doctor, 125 acres of land, to him to hold to and his in fee simple forever, and also to Catharine Medly's heirs, 20 acres of land, and also to Mary Fine's heirs, 20 acres of land, and also to Eve Ceicil's heirs, 20 acres of land, and also to Nelly Gordon's heirs, 25 acres of land, and also to Lydia Gordon 25 acres of land, and also to Levi Shuler's heirs 10 acres of land. The balance of said land to be equally divided between all my children, heirs," &c.

The plaintiffs introduced evidence tending to show that the several tracts of land in possession of the defendants were conveyed by the deed from Finch to Gordon above

mentioned; and also that plaintiffs were the grand-children of Joseph Gordon, Sr., deceased, and some of them his immediate heirs.

The plaintiffs then introduced a witness and proposed to show that the land mentioned in said will is the land in controversy in possession of defendants. The defendants objected on the ground that the descriptive words in the will were too vague to let in parol evidence for the purpose of fitting the description to the thing described. The Court sustained the objection, and in deference to his Honor's ruling, the plaintiffs submitted to a nonsuit and appealed.

No counsel for the plaintiffs.
*Mr. C. C. Raper*, for the defendants.

DAVIS, J., (after stating the case). In the argument of counsel for the appellees it is insisted that parol evidence is admissible to show what lands were meant by the testator, Jos. Gordon, Sr., in the clause of the will recited, and that the several devises mentioned therein are incapable of definite location.

Whatever may be the rights of the devisees of Joseph Gordon, Sr., as between themselves and as affected by the specified number of acres mentioned in the will as given, respectively, to the "heirs of James Gordon" and the others named, it is plain that the purpose of the testator was to give to his wife, Eva M. Gordon, for life all his interest in 1,029 acres of land, with remainder to the persons and classes of persons mentioned in the will. There is nothing to indicate that the testator had more than one tract of 1,029 acres, and it was competent to show where that tract was. Most of the cases cited by the counsel for the appellees were of insufficient descriptions in deeds, which could not be aided by parol, but aside from the fact that a much more liberal rule is allowed in the interpretation of wills than of deeds, there is

no doubt that upon the face of the will there is a devise of 1,029 acres of land, and if there is any ambiguity it is *latent* and may be explained by parol. That *latent* ambiguities in wills may be explained by parol, is too well settled to need the citation of authorities.

In one and the same clause of the will 1,029 acres of land are devised to Eva M. Gordon for life, and specified numbers of acres to the classes of persons respectively named, " and the balance of said land to be equally divided between all my childrens' heirs," &c. It is too plain to admit of doubt that " the balance" meant, is what remains of 1,029 acres of land after deducting the several specified number of acres given to the classes of persons named, and whatever difficulty, if any, the plaintiffs may have, in the event of a recovery in partitioning the lands as between themselves, that cannot avail the defendants.

Under the old practice, it was well settled that tenants in common could recover on a joint demise, or a recovery might be had upon the demise of only one tenant in common, to the extent of the interest of such tenant in common, and it was perfectly competent for the plaintiffs to show that the land mentioned in the will is the land in controversy in possession of the defendants.

The plaintiffs claim title derived from Jos. Gordon, Sr., deceased, under his will or as heirs at law, and the defendants claim under a conveyance and mean conveyances from the same person, and two issues are raised by the complaint and answers, involving—1st, the validity of the deeds through which the defendants derive title, and 2d, the statute of limitations, and the plaintiffs have a right to have these questions passed upon.

Error.