LEON M. FUQUAY, Exr., v. CECIL FUQUAY ET AL.

(Filed 22 November, 1950.)

**1. Appeal and Error § 3—**

An appeal from a judgment affecting a ward's estate in an action in which the ward is represented by a guardian *ad litem* should be prosecuted in the name of the guardian.

FUQUAY v. FUQUAY.

**2. Appeal and Error § 6c (1)—**

Where there are no exceptions noted in the record but only a grouping of assignments of error with a notation after each that it constituted appellant's exception of corresponding number, there are no exceptive assignments of error.

**3. Appeal and Error § 37—**

The function of the Supreme Court is to correct errors of law or legal inference and not to approve judgments *pro forma*, and therefore where there are no exceptions in the record and appellant in his brief admits that there is no merit in any of his assignments of error, the brief fails to present any question of law or legal inference and the appeal will be dismissed.

ATTEMPTED appeal by infant defendant, Thomas Fuquay, from *Morris, J.,* June Term, 1950, of HARNETT.

Application by executor for interpretation and construction of will of C. G. Fuquay, deceased, and for instructions in respect of administration of his estate.

The record states that from the judgment rendered, Thomas Fuquay, infant defendant, appeals at the instance of the trial court "to the end that the said case and rulings be passed upon by the Supreme Court."

*B. F. McLeod for plaintiff, appellee.*
*W. A. Johnson for defendant, appellant.*

STACY, C. J. As the infant defendant was represented in the Superior Court by a guardian *ad litem,* presumably the attempted appeal should be regarded as one by the guardian, albeit he now designates himself simply as "attorney for appellant."

There are no exceptions to the judgment, only a grouping of five assignments of error, each of which ends with the notation: "This being defendant's Exception No."—1, 2, 3, 4, 5. Perhaps the better description would be to say the record contains five exceptive assignments of error in reverse, or five assignments of error in reverse of exceptive. There are no exceptive assignments of error on the record.

In appellant's brief, he says: "It will be observed that the appellant groups and sets forth five assignments of error. After a careful consideration of each and every of these assignments, and a careful examination of the cases bearing on each of said assignments, candor compels him to admit that there is no merit in any of them." Yet as the court below suggested an appeal "the appellant respectfully submits the matter to the Court and prays that it review the rulings . . . and the judgment."

This brief calls to mind the argument of a celebrated mountain lawyer in a murder case some years ago, which ran as follows: "If Your Honors please, I am somewhat embarrassed in this case—my client more so than

I am; he is over here in the Penitentiary under sentence of death. However, the re-cord is here; I have examined it; candor compels me to say I don't see much wrong with it. Still, if you gentlemen can find any error or any ground upon which to grant him a new trial, I shall appreciate it and I am sure he will." Took his seat, and much to his surprise, got a new trial, because it was discovered here that the jury had failed to designate in its verdict whether the crime was murder in the first or second degree. G.S. 14-17; *S. v. Truesdale,* 125 N.C. 696, 34 S.E. 646; *S. v. Gadberry,* 117 N.C. 811, 23 S.E. 477. In that case, however, there were exceptions on the record giving this Court authority to review the questions of law or legal inferences thereby presented. Const., Art. IV, Sec. 8. And these were debated on brief.

Moreover, that was a criminal prosecution and a capital case in which the appeal itself was or could have been regarded as an exception to the judgment and to the sufficiency of the record to support it. Here, however, we have an appeal in a civil action where all assignments of error and "exceptions," if they may be so designated, have been expressly abandoned or withdrawn by the appellant in his brief. There is nothing to retain the case on our docket. *S. v. Hicks, ante,* 520.

This Court is for the correction of errors and not for the approval of judgments *pro forma.* The Superior Court must take full responsibility for its orders, judgments and decrees. Affirmances here add nothing to their validity, force or effect. They are still orders, judgments and decrees of the Superior Court in which no error has been made to appear or found on appeal.

The appellant's brief negatives any question of law or legal inference upon which the attempted appeal might be predicated, or retained for consideration.

The case was submitted under Rule 10 without oral argument.

Attempted appeal dismissed.