SOPHIE MASON BURCHETT ET AL. v. SIMON MASON ET AL.

(Filed 7 March, 1951.)

**1. Wills § 20—**

A will is not subject to caveat or collateral attack 27 years after it has been probated in common form, G.S. 31-32; but if the will is void for vagueness and uncertainty it is a nullity and may be attacked directly or collaterally or treated as ineffective, anywhere at any time.

**2. Judgments § 27b—**

A nullity may be upset by direct or collateral attack, ignored, disregarded or treated as ineffectual anywhere at any time. *Ex nihilo nihil fit.*

**3. Estoppel § 3—**

By participating in proceedings to sell timber from the lands devised in accordance with the will, the parties are thereafter estopped from attacking the validity of the will.

**4. Partition § 4a—**

Where, in partition proceedings the respondents plead testacy on the part of their common ancestor, the proceeding will be dismissed when it appears that the will is not a nullity, since petitioners *qua heirs* have no interest in the matter. The will is not before the court for construction in the proceeding, and it is error for the court to remand it to the clerk for partition in accordance with the will.

**5. Wills § 3½—**

Testator owned but one tract of land and directed that it be divided among the beneficiaries in a stipulated manner. *Held:* The fact that the total acreage owned by testator is a few acres short of the acreage necessary for the division as stipulated, requiring some adjustment in the acreage to be apportioned each of the beneficiaries, does not render the will void.

APPEAL by petitioners from *Parker, J.,* October Term, 1950, of VANCE. Petition for partition.

Three daughters of Spottswood Mason, late of Vance County, bring this special proceeding to have the land of which their father died seized and possessed, sold and divided among his heirs at law, parties hereto, according to their respective interests.

The respondents plead testacy on the part of their common ancestor, Spottswood Mason, and refer to the paper writing duly probated as his will in 1922, shortly after his death, and in which he devised to his wife "everything I have" for and during her natural life, remainder for life only in specific designated acreages to his seven living children, naming them, and one grandchild, only child of a deceased daughter—two 20½ acres each, five 28 acres each and the grandchild 10 acres—pointing out that it was his desire "that my children shall select three disinterested

free holders, at least one of whom shall be a white man (should they not agree, they to be appointed by the Clerk of the Superior Court of Vance County), who shall lay off with proper metes and bounds as indicated hereinbefore, my tract of land to the several children. . . ; and at the death of any one of them the share so set aside to that one shall then go to their living children and should any one of them die without leaving children, the share assigned to that one shall be divided equally between my other children who may then be living."

By a codicil the testator further directed that the 28 acres assigned to William Henry Mason "shall be cut off, run and assigned as to include my dwelling house where I now reside."

The total acreage set out in the paper writing to the eight named persons amounted to 191 acres, whereas the total acreage of which the testator died seized amounted to only 180½ acres, 63 acres of which was sold by the executor to make assets, leaving 117.5 acres for division—the amount now sought to be sold and divided among the petitioners and the respondents as heirs at law of the deceased.

The testator's widow died in 1948. This proceeding was instituted 16 December, 1949.

The respondent, Simon Mason, pleaded sole seizin to the 28 acres assigned to him in the will—he having been given possession of same during his father's lifetime.

The respondents also pleaded estoppel against the petitioners by virtue of a special proceeding instituted in 1949 for the sale of the timber on the lands of the deceased, the proceeds to be distributed to the petitioners and others according to their respective interests under the provisions of their father's will.

Issues were submitted to the jury and answered by them in favor of Simon Mason on his plea of sole seizin; and in favor of the respondents on their plea of estoppel as against the petitioners. The court thereupon remanded the cause to the Clerk of the Superior Court for partition and division of the land according to the provisions of the will of Spottswood Mason.

The petitioners appeal, assigning errors.

*Banzet & Banzet, J. C. Cooper, Jr., and William W. Taylor, Jr., for petitioners, appellants.*

*Perry & Kittrell, Blackburn & Blackburn, and A. A. Bunn for respondents, appellees.*

STACY, C. J. The present proceeding can be sustained only upon the holding that the will of Spottswood Mason is void for vagueness and uncertainty in the description of the different properties therein attempted

to be devised. *Hodges v. Stewart,* 218 N.C. 290, 10 S.E. 2d 723, and cases cited. Of course, a nullity may be upset by direct or collateral attack, ignored, disregarded, or treated as ineffectual, anywhere at any time. *Ex nihilo nihil fit* is one maxim that admits of no exceptions. *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283.

The paper writing in question was probated in common form as the will of the deceased soon after his death in 1922. It is not now, after the lapse of 27 years, subject to caveat or collateral attack. G.S. 31-32; *In re Will of Rowland,* 202 N.C. 373, 162 S.E. 897. If it fall, it must fall of its own infirmity.

The trial court was correct in holding that the will as probated is controlled by the principles announced in *Caudle v. Caudle,* 159 N.C. 53, 74 S.E. 631; also in *Hodges v. Stewart, supra;* and that the petitioners are estopped to question its validity by reason of their participation in the proceeding to sell the timber in 1949. *In re Will of Averett,* 206 N.C. 234, 173 S.E. 621; *In re Will of Lloyd,* 161 N.C. 557, 77 S.E. 955; *Rand v. Gillette,* 199 N.C. 462, 154 S.E. 746; *Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535. Having so held, however, the proceeding should have been dismissed rather than remanded to the Clerk, who has no authority to construe the will. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330. Nor is the will presently before us for construction. It will be time enough for us to speak, if need be, after the trial court has expressed its opinion. *Fuquay v. Fuquay,* 232 N.C. 692, 62 S.E. 2d 83. The petitioners *qua heirs* have no interest in the matter. Only as devisees are they entitled to be heard.

The will itself provides the *modus operandi* for division of the property among the respective devisees. The dominant intent of the testator was to leave his real estate—"my tract of land" as he described it and he had only one tract—to the objects of his bounty for the periods specified and in the respective amounts designated. The fact that some adjustment is required in the exact acreage to be apportioned to each of the first remaindermen presents no insuperable barrier such as to render the devise inoperative and void. *Freeman v. Ramsey,* 189 N.C. 790, 128 S.E. 404; *Blanton v. Boney,* 175 N.C. 211, 95 S.E. 361; *Wright v. Harris,* 116 N.C. 462, 21 S.E. 914; *Harvey v. Harvey,* 72 N.C. 570; *Grubb v. Foust,* 99 N.C. 286, 6 S.E. 103; *Jones v. Robinson,* 78 N.C. 396; Anno. 157 A.L.R. 1129, *loc. cit.* 1135. There is no question of the validity of the devise to the first taker.

Proceeding dismissed.