PearsoN, J.
 

 George Boyd, Sen., died seised and possessed of a considerable estate, and left him surviving a widow and one child, and a good many relatives to whom he makes bequests or devises; among them Almarina Boyd, to whom he devises the land now sued for.
 

 One of two conclusions must be adopted. 1. What are called «the codicils ’
 
 ’
 
 revoke the will, and Boyd died intestate, except
 
 *367
 
 as to the
 
 u
 
 grist and saw mills and four negroes,” or 2, the codicils have only the effect of altering the
 
 sixth item
 
 of the will which has reference to the grist’ and saw
 
 mill;
 
 and the several items by which the four negroes that he in his last codicil directs to be sold, had been specifically bequeathed, and leaves the will in full force and effect in regard to all other particulars.
 

 The first is supported by the single fact that Mr. Boyd, in what he calls
 
 “
 
 codicile,” uses these words, “ I annul all and every word in the above will of mine.”
 

 The second is supported by a great many facts and considerations. 1. In the body of the will these words are interlined in the hand writing of Mr. Boyd, “ I annul all the sixth item above stated, or before stated,” and at the foot of the will these words are added by him, “ all the interlined places in my hand writing to be and remain valid.” 2. The sixth item which has reference to the grist and saw mill, is the only one which in terms is altered by the first codicil, and the general words in that codicil, which are relied on to support the proposition that the entire will is thereby revoked, are restricted by the fact of its being called a codicil, which imports not a revocation, but an addition, or explanation, or alteration of a prior will in reference to
 
 some particular,
 
 and assumes that in all other particulars the will is to be in full force and effect. 3. The first codicil presupposes the continuance of the original will by saying, “I insert” the following, <fec. Insert where ? Of course in the original
 
 will;
 
 and by re-cognising it in the provision that the proceeds of the sales of the mills are to be put on interest for the benefit of “ my son George Boyd,
 
 who Thave given the mills in this instrument of writing,”
 
 to wit, my will which I have altered, so as to give him the money instead of the mills. 4. The second codicil recognises the continuance of the wilt by speaking of those negroes which “ I left to my son,” and one which
 
 “
 
 I left to my wife ;” these are to be sold and appropriated to the payment of my debts, and the account of sales to be returned to Court by
 
 u my executors.”
 
 What executors unless the will is still in force? And in the second section of this codicil he says “ any property that my wife may think proper to give up of hers, such as stock and household furniture, to help to pay my debts, I wish my executor to return
 
 *368
 
 the amount of the same to Court.” What stock or household furniture had the wife except what she took under the will? 5. The rule,
 
 ut
 
 res
 
 magis valeat quam pereat
 
 comes in aid of the general presumption, that one who makes a will intends to dispose of all of his property. 6. There is a special presumption in this case that Mr. Boyd did not intend to die intestate as to all of his property except the mills and four of his negroes ; for, from the whole will, it is apparent that he not only intended to dispose of his entire estate at his death, but he was solicitous to retain the
 
 jus disponendi
 
 even afterwards, and to sell his mills “ for $2,000, and no less, on a credit of two years, the money to be well secured, and the sales returned to Court;” if that price could not be had, then
 
 “
 
 to rent her for not less than
 
 $75 per
 
 an., the person who rents to keep her in repair,” &c. And he evinces a general wish to retain the control and dominion over his property for eighteen years after his death, (when his son would arrive at age,) all of which is wholly at variance with the idea of an intention to revoke his will, and die intestate as to the bulk of his estate.
 

 Judgment reversed, and judgment that the defendant recover his cost and go “without day,” according to case agreed.
 

 PeR Curiam. Judgment reversed.