Pearson, C. J,
 

 The opinion of his Honor is predicated on the idea that the will was revoked
 
 in
 
 loto, in respect to the land devised to Calvin Jenkins by the codicil. If so, it followed, as the codieil gives to the executor a mere “ naked power to sell,” that the land descended to the heirs-at-law as intestate property, subject to be divested by the exercise of the power of sale, and, consequently, one of the heirs-at-law., there being no plea in abatement, could maintain trespass against a wrong-doer, as the defendant evidently was, (for the license to cut timber being merely gratuitous, terminated at the death of Sidney Maxwell,) for a trespass committed between the time of the death and the sale made by the executor. So, the ease turns on the question : was the will revoked
 
 in toto
 
 in respect to the land devised to Calvin Jenkins? Or was the effect of the codicil only to revoke the will
 
 sub modo,
 
 and leave the estate in Calvin Jenkins, subject to be divested by the exercise of the power of sale ?
 

 Upon this question, the opinion of this Court differs from that of his Honor. The definition and effect of a codicil, and the learning on the subject is so fully set out in an opinion filed at the last terra in Raleigh, in the case of
 
 Dalton
 
 v.
 
 Houston,
 
 (in Equity) that it is deemed unnecessary to enter upon the subject
 
 *614
 
 again. Suffice it, that the principle is settled, i. e., a codicil should be so construed as only to interfere with the dispositions lhade in the will, to the extent necessary to give full effect to the codicil. In our case, full effect is given to the codicil by allowing the land to pass to the devisee, subject to be divested by the exercise of the power of sale created by the codicil, and there is no occasion, or necessity, for supposing the intention of the testator was to revoke his will m
 
 toto,
 
 so far as this land was concerned, so as to let it descend to his heirs-at-law, as undisposed of property.
 

 The testator had changed his mind, and instead of giving the land and other property to Calvin Jenkins,
 
 absolutely,
 
 by the codicil he directs that it shall be sold by his executor, and the proceeds divided among particular persons j but what is there to show that he intended to die intestate as to his property 2 and that it should devolve on his heirs-at-law and next of kin, according to the statute of distributions, until the executor should sell, and not pass to the devisee and legatee,, Calvin Jenkins, during that
 
 interim ?
 
 ITe gives a reason for changing his mind and for not making an absolute gift to Calvin Jehkins, as he had done by his will, all of which is comprised in the words,
 
 the property to be sold and the proceeds to be dwided
 
 as abpve mentioned,
 
 instead as h&retofore direeted^$h.&t
 
 is, instead of being given to Calvin Jenkins absolutely: so,
 
 non sequitur,
 
 that it shall be intestate and undisposed of during the interim.
 

 This conclusion is supported by the fact, that in the same codicil he directs a tract of land devised to his son, Larkin Maxwell, “ whereon he now resides,” to be sold “ as above mentioned” and the proceeds divided
 
 u
 
 as above mentioned,”1 “ instead as heretofore directed,” and there is no motive, or occasion, or reason for interfering with Larkin’s possession until the power of sale should be exercised, whereby the title would be divested. There is error, and on the case agreed the judgment must be reversed, and judgment given for the defendant.
 

 Per Curtam,
 

 Judgment reversed.