J. C. HALLYBURTON and others, Exr's, v. JOHN CARSON, Ex'r.

*Wills—Effect of Codicil.*

The testator by will executed in 1857, devised different tracts of land to nephews—the tract upon which he lived, among others, to his nephew, John ; and gave his executor power to sell all his real and personal estate not thereinbefore mentioned. In 1863, some of the devisees having died, the testator executed a codicil disposing of lands given to them, and making other changes, in which he devises to said John all his "out lands" in a certain locality, and "all his lands not

devised in the within specifically " ; *Held* that by virtue of the codicil, the sole estate in the lands mentioned is given to the devisee, John, unconditionally and without charge, and that the same are not primarily liable for the testator's debts.

CIVIL ACTION for construction of a will tried at Fall Term, 1881, of McDOWELL Superior Court, before *Seymour, J.*

The defendant appealed from the ruling of the court below.

*Messrs. W. H. Malone* and *P. J. Sinclair,* for plaintiffs.
*Mr. J. M. McCorkle,* for defendant.

SMITH, C. J.   The plaintiffs, as executors of Jacob Harshaw, prosecute their action against John Carson, to enforce the sale of certain lands alleged to be charged in the testator's will with the payment of debts and the appropriation of the proceeds to the satisfaction of the residue of a judgment recovered by their testator against the defendant in his two-fold representative capacity, as executor of the said George M. Carson and of William M. Carson, and against A. Burgin as administrator of J. L. Carson.

The plaintiffs allege the insolvency of the estates of the other debtors, the exhaustion of the personal estate of the testator, George M., in the course of administration and by the emancipation of his slaves, and the consequent necessity of a sale of the lands devised for that purpose to the defendant.

The defendant in his answer insists that large amounts of personal property bequeathed and delivered to various legatees, should be accounted for by them before resort can be had to the devised real estate, and that the land devised to himself is not specifically charged; and is liable only to contribute its ratable part to pay the testator's indebtedness.

The other devisees and legatees come in and by their answer controvert the claim of the executor, and insist that

the undescribed lands mentioned in the last clause of the will, are primarily charged with the debts, and the authority and direction therein given to the defendant to make the sale for that purpose, are not revoked by the modification made in the codicil.

In this state of the pleadings, the defendants, other than the said John Carson, move the court for an order requiring him, as executor, to sell the lands comprehended in the last clause of the will, and apply the proceeds to the indebtedness of the testator, and that he account for the rents and profits received by him since he took possession—there being no personal property left.

The court refused to so adjudge, being of opinion that the provision for the sale in the will had been revoked in the codicil, and that the primary liability did not rest upon those lands.

The appeal from this ruling brings up, as the only question in the case, the construction of the testator's will, as modified in the codicil, in its application to the lands referred to.

The testator, whose will was executed in 1857, devises different tracts of land to his several nephews named, and among others to his nephew John, the defendant, the tract whereon he then resided, and bequeathes certain slaves to him, and to the testator's nieces, and concludes as follows: I do nominate John Carson, William's son, executor of this my last will and testament, with power and authority to sell all my estate, real and personal, not hereinbefore mentioned, and collect all debts due me, and after paying all my just debts, to divide the remainder equally between the children of my brother William M. Carson. In testimony whereof, &c.

In July, 1863, some of the devisees having died, the testator executed a codicil disposing of the lands given to them, and making other changes in the will, and concluding thus:

The land given to Mary and Margaret Carson in item 5 of the within, known as the "Long Field," is hereby revoked, and I give and bequeath the same to John Carson and his heirs, and I likewise give, bequeath and devise to John Carson all my interest in the out-lands in this county or Yancey, *and to have all my lands not devised in the within specifically*, except my undivided interest in the place known as the "Fork Place," adjoining Elijah Hall, which I devise to Catherine Carson, daughter of William M. Carson, and their heirs. Given under," &c.

The testator died and his will was offered by the executor for probate and proved the same year.

Had the original will remained without change, it would admit of but one interpretation, and the residuary fund, the personal estate first and the land afterwards of which it consists, be successively applied to the discharge of the indebtedness and in exoneration of the special devises and legacies previously mentioned, and the residue not required for that object, he divided among the children of his brother, William, the executor being one of the number. The codicil indicates a purpose of larger generosity towards the nephew, upon whom he devolves the administration and settlement of his estate in the clause recited therefrom. Not only does he revoke the gift in the fifth clause of the will to Mary and Margaret, daughters of a deceased brother, J. L. Carson, and devise the "Long Field" tract to John, but he adds to it, "all my (his) interest in the out-lands" in the counties of McDowell and Yancey, and "all my (his) lands not devised in the within specifically," except an undefined interest in the "Fork Place," which he devises to Catherine, daughter of said William. The change made by the codicil in the last clause of the will is radical and pervading.

In the will authority is conferred upon the executor to sell the residuary personal and real estate, and a share only in the surplus, if any, produced by the sale and collection

of moneys due the estate. In the codicil the residuary estate, less the excepted interest devised to Catherine, is itself directly devised to John, coupled with no condition and burdened with no express charge. The one gives the power of sale to the executor, and directs the appropriation of the proceeds, with a contingent and undivided interest, in common with several others, in so much of the fund as may not be used for the specified purpose; the other vests at once upon the testator's death a sole estate in the land for the devisee's own use.

To transfer the provisions relating to the sale and contained in the will, and attach them to the devise in the codicil, would be substantially to destroy its value and defeat the manifest purpose of the testator in making the change. Where the codicil is in irreconcilable conflict with the will, it must prevail as a revocation, since it is the last expression of the testator's intent in the disposition of his property.

We have not been aided with an argument in behalf of the appellee, but our conclusion as to the proper interpretation of the concluding clause of the codicil and its operation upon the concluding clause of the will, is not at variance with the rule of construction laid down in the authorities cited for the appellant. They establish the proposition that a codicil, which does not in terms revoke a clause in the will, but modifies it in some of its features, entirely consistent with the retention of its other provisions, will only be allowed to have that partial effect, and the clause thus changed will remain as the embodiment and expression of the testator's intent.

"If the codicil is expressed to allow the will in one particular, the presumption is," says a recent author, " that it confirms and republishes the rest of the will." O'Hara on Wills, p. 6. "It is an established rule not to disturb the dispositions of the will further than is absolutely necessary to give effect to the codicil." 1 Jar. Wills, 343, note.

Thus a change of devisees to whom land is given subject to a rent charge, will not revoke the rent charge, but the substituted devisee will take the land *cum onere.* *Becket* v. *Hardin,* 4 M. and S., 1. The object in all cases is to arrive at the intent of the testator and give effect to both instruments when they can operate in harmony. But in the case before us the absolute and unqualified gift in the codicil is incompatible with the disposition of the land made in the will, and must have a revoking efficacy or be itself nugatory. The undisposed of lands with debts collected were to constitute a fund for the payment of the testator's liabilities ; they are in the codicil (with the reservation mentioned) divested of any charge, as is the "Long Field," directly given to the devisee. These provisions cannot stand together, and we therefore sustain the ruling of the court as to the legal effect of the codicil in this particular.

There is no error, and this will be certified to the superior court of McDowell.

No error. Affirmed.