R. J. BOLLING v. M. S. BARBEE ET AL.

(Filed 25 May, 1927.)

**1. Wills—Codicils—Intent of Testator—Interpretation.**

A codicil will be construed in its relation to the will to give effect to the intention of the testator as to changes made in the latter, and in this respect the will and the codicil will be construed together.

**2. Same—Estates—Contingent Remainders—Vested Interests.**

A devise of lands to testator's wife for life, or until she may remarry, with limitation over to testator's named daughters, also for life or until marriage, with further limitation over that the lands be then divided among all the testator's children that may be living at the falling in of the particular estate, creates a contingent remainder in the ulterior takers, the children of the testator living to take effect at the time of the falling in of the precedent estates; but where, by codicil, the testator provides

for a division equally among all of his children without indicating otherwise: *Held*, the codicil will be construed as an amended intention "of the testator, and any child living at the death of the testator will take a vested interest in the lands so devised, subject to the extent of such interest which may be disposed of by will or deed.

CIVIL ACTION, heard by *Devin, J.,* at Third March Term, 1927, of WAKE, upon an agreed statement of facts.

Madison Barbee, a resident of Wake County, died in the year 1913, leaving a last will and testament. At the date of the original will he had two unmarried daughters, Effie Barbee and Fannie Barbee. Fannie Barbee afterwards married the plaintiff, R. J. Bolling, and Effie married Coy Farmer. Both Effie Barbee and Fannie Barbee married prior to the date of the codicil to said will. The testator, Madison Barbee, died in 1913, and Fannie Bolling, wife of plaintiff, died in the same year, subsequent to the death of her father, leaving a last will and testament, in which she devised to her husband, R. J. Bolling, the plaintiff, all her property, including "all my right, title, interest, and estate in, of, and to the lands and property of my deceased father, Madison Barbee." Delaney Frances Barbee, widow of the testator, died in October, 1924. On 6 December, 1906, after the date of the will, the testator conveyed 40 acres of land to his son, Edgar P. Barbee.

At the time of his death the testator left him surviving his wife, Delaney Frances Barbee, and six children, to wit, Edgar P. Barbee, C. W. Barbee, M. S. Barbee, Fannie Bolling, Bettie Moon, and Effie Farmer.

On 11 January, 1927, the plaintiff brought an action against all the other devisees named in the will of Madison Barbee for partition of approximately 180 acres of land owned by the testator at the time of his death. Plaintiff Bolling claimed under the will of his wife, Fannie Bolling, a one-fifth undivided interest in said land.

The will of Madison Barbee and the codicil thereto is as follows:

"I, Madison Barbee, of the county of Wake and State of North Carolina, being of sound mind and memory, but recognizing the uncertainty of human life, do make, declare, publish, and ordain this to be my last will and testament in manner and form following, hereby revoking any and all other wills and testaments heretofore by me made.

"Item One: I desire for my body a decent burial according to the wishes of my wife, if she then be living; if not, of my children.

"Item Two: I desire my executor hereinafter named to pay all my just debts, to whomsoever owing.

"Item Three: I give, devise, and bequeath to my beloved wife, Delaney Frances Barbee, for and during the term of her natural life or during her widowhood, all of my property, both real and personal,

wherever the same may be situated, to be used for her comfortable support and maintenance.

"Item Four : I desire at the death or marriage of my wife, Delaney Frances Barbee, should any of my daughters at that time be unmarried (that is, never have been married), to have and to hold all my property for their support and maintenance during their natural life or until their marriage.

"Item Five: I desire that at the death or marriage of my wife, Delaney Frances Barbee, and at the marriage or death of all my unmarried daughters, that all my property, both real and personal, wherever the same may be situated, be equally divided between my children that may be living at that time, or their heirs.

"Item Six: I hereby name, constitute, and appoint my beloved and trusty son, Charles William Barbee, executor of this my last will and testament.

"Witness my hand and seal, this .... . day of May, A.D. 1903."

Codicil to will of Madison Barbee, of 4 May, 1903 : "I, Madison Barbee, being in sound mind and memory, but feeble in health, do hereby make the following changes in Item 5, viz.: That, in the division of my real estate, that the proceeds of said real estate be equally divided among all my children, except Edgar P. Barbee, who is not to have any, he having had his share already; and in Item Six, I change for my executors, my sons, M. S. and Edg. P. Barbee, instead of Charles W. Barbee (owing to ill-convenience).

"Witness my hand and seal, this 28 July, 1913."

Judgment was rendered in favor of the plaintiff "that Fannie Barbee Bolling, deceased, a daughter of said Madison Barbee, was the owner of a vested remainder of a one-fifth undivided interest in the estate of said Madison Barbee, and that she, by her last will and testament, devised the same to the plaintiff. . . . That the said R. J. Bolling is the owner and entitled to possession of a one-fifth undivided interest in the estate of said Madison Barbee, deceased."

From the foregoing judgment the defendants appeal.

*Percy J. Olive, John W. Hinsdale, and McLendon & Hedrick for plaintiff.*
*Smith & Joyner for defendants.*

BROGDEN, J.   The plaintiff claims a one-fifth undivided interest in the land of the testator, Madison Barbee, by virtue of the fact that his wife, Fannie Barbee Bolling, took a vested remainder under said will, which she devised by last will and testament to him.

The defendants contend that Fannie Barbee Bolling took only a contingent remainder in the land of Madison Barbee by virtue of the fact

that there was a preceding life estate to the widow of the testator, and that, as Fannie Barbee Bolling died prior to the death of the life tenant, her interest in the property did not vest, and therefore her will devising the land to her husband was a nullity.

The original will, dated May, 1903, doubtless created contingent remainders only, but the codicil to the will, dated 28 July, 1913, must be fitted to the original will and construed as a part thereof. Thus, in *Darden v. Matthews,* 173 N. C., 186, the Court declares: "A codicil is a part of a will, but with the peculiar function annexed of expressing the testator's after-thought or amended intention. It should be construed with the will itself, and the two should be dealt with as one instrument." It appears from the record that at the time the original will was made the testator had two unmarried daughters, to wit, Fannie and Effie, but that these daughters had married several years prior to the date of the codicil. In the original will, in items 4 and 5 thereof, it is apparent that the testator intended to provide for his wife and his unmarried daughters until their death or marriage; but, upon the marriage of these daughters, a different situation arose. Thereupon, in 1913, the codicil was made, "expressing the testator's after-thought or amended intention." It will be observed that while the codicil refers in specific terms exclusively to item 5 of the original will that the testator at the same time expresses his intention to make changes "in the division of my real estate." This language is broad enough to apply to the entire division of the whole estate. The last utterance of the Court upon the question is by *Justice Adams* in *Jessup v. Nixon, ante,* 640, quoting the principle as stated in *Mercer v. Downs,* 191 N. C., 203: "Indeed, the prevailing rule seems to be that if an estate is given by will to the survivors of a class, to take effect on the death of testator, the word 'survivors' means those living at the death of testator; but if a particular estate is given and the remainder is given to the then survivors of a class, the word 'survivors' means those surviving at the termination of the particular estate." The opinion then proceeds: "This statement accords with the general rule that words of survivorship in a will, particularly when used in connection with a general gift, refer to the death of the testator as the time at which the survivorship will be determined, unless it is made to appear that the testator intended to refer to a time after his death; but when the gift to the survivors is preceded by a particular estate for life or years, words of survivorship, in the absence of anything indicating a contrary intention usually refer to the termination of the particular estate." When the codicil is fitted into the original will, and the language of the original will, totally repugnant to the codicil, eliminated, there would be no words of survivorship in this will, and the principle announced in *Williams v. Sasser,* 191 N. C., 453, and that line of cases would govern this case.

In *Jessup v. Nixon, supra,* it was held that if the devise to the survivors was preceded by a particular estate for life or years, words of survivorship, *"in the absence of anything indicating a contrary intention,* usually refer to the termination of the particular estate." In our case the codicil itself indicates an "amended intention" to the effect that the words of survivorship should not refer to the termination of the particular estate, but rather to the death of the testator. This "amended intention" finds strong support in the fact that after the original will was made and before the codicil was executed, the testator had conveyed to one of his children, to wit, Edgar P. Barbee, 40 acres of land, and thereafter in the codicil excluded him from participation in the estate by reason of the fact that he had already made this conveyance. We therefore hold that Fannie Bolling took a vested remainder in the estate of her father, Madison Barbee, and that the plaintiff, under and by virtue of the terms of her will, succeeds to her rights. *Power Co. v. Haywood,* 186 N. C., 313; *Williams v. Sasser,* 191 N. C., 453; *Jessup v. Nixon, ante,* 640.

Affirmed.