WOODIE C. ARMSTRONG, LIZZIE McCALLUM, CURTIS GEORGE, SARAH GEORGE, DICK GEORGE AND DETLAW GEORGE, BY THEIR NEXT FRIEND, ADDELL MARTIN, AND HETTIE GEORGE, BY HER NEXT FRIEND, ADDELL MARTIN, v. ALICE ARMSTRONG AND HENRY ARMSTRONG.

(Filed 11 June, 1952.)

**1. Wills § 31½—**

　　Ordinarily, a will and codicil thereto are to be treated as a single and entire instrument, taking effect at the time of testator's death.

**2. Same—**

　　A codicil imports some addition, explanation, or alteration of the prior will and, the codicil being the latest expression of testator's intent, its provisions are to be given precedence, and when plainly repugnant or inconsistent with provisions of the will revokes the will to the extent of the repugnancy or inconsistency, even in the absence of any express words of revocation, but in order to do so the inconsistency or repugnancy must be such as to exclude any legitimate inference other than that of a change in testator's intention.

**3. Wills § 32—**

　　The presumption against partial intestacy is only an aid in construction and may not be invoked to alter the will when its language is plain and unambiguous, or to include in the will property not embraced by its terms.

**4. Wills § 31½—**

　　The will in suit devised to testator's son the remaining 33½ acres of a certain tract. The codicil devised the son 10 acres of the same tract. *Held:* The provisions of the will and codicil are inconsistent and repugnant, and the codicil revokes by implication the cognate provision of the will, even though it results in testator dying intestate as to the remaining 23½ acres.

**5. Wills § 34e—**

　　A devise of 10 acres to be cut off of a designated tract on the side adjoining the lands of specified persons is sufficiently definite to be valid.

APPEAL by plaintiff Woodie C. Armstrong from *Bone, J.,* September Term, 1951, of COLUMBUS.

Special proceeding for partition of land, involving interpretation and construction of alleged inconsistent items of a will.

William H. Armstrong, late of Columbus County, North Carolina, died during the year 1939, leaving a last will and testament dated 28 September, 1936, and a codicil thereto dated 20 April, 1938. The plaintiffs Woodie C. Armstrong and Lizzie McCallum are children of the testator. The other plaintiffs are his grandchildren. The defendant Alice Armstrong is the surviving widow, and the defendant Henry Armstrong is an heir at law of the testator (relationship not disclosed by the record).

The appeal relates only to the disposition of a 38½ acre tract of land. These are the provisions of the will and codicil which bear directly thereon:

Item 3 of the will is as follows: "I give, devise and bequeath unto my beloved daughter Lizzie McCallum 5 acres, of land, a part of my Sykes 38½ acre tract, the said five acres, to be cut off by my executor, from the south side of the tract adjoining D. M. Smith, Seeth L. Smith and J. M. Shipman estate."

The third paragraph of the codicil is in part as follows: "I give, devise and bequeath to my beloved grand daughter Hettie George five (5) acres of my 38½ acre tract, the said five acres to be cut off by my executrix hereinafter mentioned from the south side of the 38½ acre tract adjoining the lands of D. M. Smith, Seth L. Smith and J. M. Shipman estate. . . ."

Item 7 of the will is in pertinent part as follows: "I give, devise, and bequeath, unto my beloved son Woody (Woodie) C. Armstrong in fee simple the remainder of my 38½ acre Sykes tract of land which remainder, should be 33½ acres."

The fourth paragraph of the codicil is as follows: "I give, devise and bequeath to my beloved son Woody (Woodie) C. Armstrong ten (10) acres of the remainder of the 33½ acre tract in fee simple to be cut off by my executrix hereinafter mentioned, from the land adjoining Rufus Shipman, Seth L. Smith and J. M. Shipman estate."

In construing the foregoing portions of the will and codicil the court below held and entered judgment decreeing:

1. "That the third item of said will is revoked by the codicil of William H. Armstrong, and that the five acres devised therein to Lizzie McCallum is defeated by the third paragraph of the said codicil and said five acres is instead devised to Hettie George."

2. "That so much of item 7 of said last will and testament which devises the balance of the 38½ acre Sykes tract to Woodie Armstrong is revoked by the fourth paragraph of the codicil and that under said codicil

the said Woodie C. Armstrong is devised 10 acres of the balance of said land to be cut off by the executrix as directed in said codicil and that the balance of the 38½ acre tract, after cutting off 5 acres and 10 acres, is undevised and undivided real estate and that the heirs at law of William H. Armstrong are seized of said remainder as tenants in common as in case of intestacy."

To the signing of the judgment the plaintiff Woodie C. Armstrong excepted and appealed, assigning error.

*Burns & Burns for plaintiff, appellant.*
*Powell & Powell for defendants, appellees.*

JOHNSON, J.   The single question presented by this appeal is whether the codicil revokes by implication the original devise to Woodie C. Armstrong of the 38½ acre tract of land (less 5 acres to be cut off for another devisee) and limits his devise to 10 acres thereof, thus leaving the residue of approximately 23½ acres as undevised real estate belonging to the heirs at law of William H. Armstrong as tenants in common as in case of intestacy.

Ordinarily, for the purpose of determining testamentary intention, a will and codicil thereto are to be treated as a single and entire instrument, taking effect at the time of the testator's death.   *Brown v. Brown,* 195 N.C. 315, 142 S.E. 4; *Bolling v. Barbee,* 193 N.C. 787, 138 S.E. 163; *Darden v. Matthews,* 173 N.C. 186, 91 S.E. 835.

But the mere making of a codicil gives rise to the inference of a change in the testator's intention, importing some addition, explanation, or alteration of a prior will.   *In re Will of Goodman,* 229 N.C. 444, 50 S.E. 2d 34; *Baker v. Edge,* 174 N.C. 100, 93 S.E. 462; *Boyd v. Latham,* 44 N.C. 365; 57 Am. Jur., Wills, Sec. 608, p. 417.

It is an established rule of construction that where a will and codicil are repugnant and irreconcilable in their provisions, the codicil, being the latest expression of the testator's desires, is to be given precedence. *Hallyburton v. Carson,* 86 N.C. 290; 57 Am. Jur., Wills, Sec. 608, p. 417. And the testator's intent in making the codicil may be found in the codicil itself.   *Homer v. Brown,* 16 U.S. 354, 14 L. Ed. 970.

Accordingly, a codicil plainly inconsistent with the provisions of the will operates, to the extent of the inconsistency, as a revocation of the will, and this is so even in the absence of any express words of revocation. 57 Am. Jur., Wills, Sec. 485, p. 339.

However, "in order that a codicil shall operate as a revocation of any part of a will, in the absence of express words to that effect, its provisions must be so inconsistent with those of the will as to exclude any other legitimate inference than that of a change in the testator's intention."

68 C.J., p. 810. See also *Baker v. Edge, supra; Rhyne v. Torrence,* 109 N.C. 652, 14 S.E. 95; *Hallyburton v. Carson, supra; Boyd v. Latham, supra;* 57 Am. Jur., Wills, Sec. 485, p. 339.

True, where there is a will it is presumed that the testator intended not to die intestate as to any part of his estate. *Trust Co. v. Waddell,* 234 N.C. 454, p. 460, 67 S.E. 2d 651; *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369; *Van Winkle v. Berger,* 228 N.C. 473, 46 S.E. 2d 305; *Holmes v. York,* 203 N.C. 709, 166 S.E. 889.

However, this presumption against partial intestacy will not prevail where the language of the will, fairly construed, discloses a contrary intention, the rule being that the presumption may not be invoked to alter the plain meaning of simple, unambiguous language, nor to include in the will property not comprehended by its terms. 57 Am. Jur., Wills, Sec. 1159.

And it should be kept in mind that the presumption against partial intestacy is applied only as an aid in construction. *Seawell v. Seawell, supra; Van Winkle v. Berger, supra;* 69 C.J., p. 95.

Accordingly, "a construction based on such presumption will not be made where it is apparent from the language of the will that it would be contrary to the intention of the testator, or where intestacy is effected by the plain and unambiguous language of the will." 69 C.J., pp. 95 and 96. See also *Rigsbee v. Rigsbee,* 215 N.C. 757, p. 761, 3 S.E. 2d 331; *McCallum v. McCallum,* 167 N.C. 310, 83 S.E. 250.

In the instant case, by the terms of Item 7 of the will the testator devised to his son Woodie C. Armstrong the entire tract of 38½ acres (less 5 acres to be cut off for another devisee), whereas by the terms of the codicil the devise to Woodie is cut down to "ten (10) acres of the remainder . . . to be cut off from the land adjoining Rufus Shipman, Seth L. Smith, and J. M. Shipman estate."

This provision of the codicil may not be reconciled with the previous item of the will. Clearly the two provisions are inconsistent and repugnant. This being so, the codicil prevails and the cognate provision of the will is repealed by implication.

Here the presumption against partial intestacy yields to the plain meaning of the codicillary provision indicating a contrary intent of the testator.

This conclusion is not at variance with the decisions in *Jenkins v. Maxwell,* 52 N.C. 612, and *Rhyne v. Torrence, supra,* cited by the appellant. The facts in those cases are distinguishable.

There is no merit in the contention that the fourth paragraph of the codicil is void for uncertainty. The ten acres devised to Woodie are directed to be cut off on the side "adjoining Rufus Shipman, Seth L. Smith and J. M. Shipman." This designation is sufficiently definite to

support the devise. See *Freeman v. Ramsey,* 189 N.C. 790, 128 S.E. 404; *Blanton v. Boney,* 175 N.C. 211, 95 S.E. 361; *Wright v. Harris,* 116 N.C. 462, 21 S.E. 914; *Harvey v. Harvey,* 72 N.C. 570; *Grubb v. Foust,* 99 N.C. 286, 6 S.E. 103; *Jones v. Robinson,* 78 N.C. 396; Anno. 157 A.L.R. 1129, p. 1135.

The record and appeal entries indicate that all plaintiffs appealed. However, the plaintiff Woodie C. Armstrong appears to be the only party aggrieved by the decision below, and the appeal as presented on brief challenges the validity of the judgment below only as it affects him. Therefore, he is treated as the sole appellant, with direction that the costs be taxed against him.

Affirmed.