VIRGINIA A. CARTER, C. NORFLEET CARTER, LANDON B. CARTER AND BEVERLY H. HAILEY AND ANY OTHER HEIRS-AT-LAW OF EMMA B. EGERTON, DECEASED, WHO DESIRE TO JOIN IN THIS ACTION, AND MARY RUSSELL SESSUMS, BY HER NEXT FRIEND, E. C. BULLUCK, v. NEALY DAVIS, PANNIE DAVIS, CAROLYN D. DUGGER, VIOLA D. HINES AND ETHEL B. GALBRAITH, R. W. THORNTON, ADMINISTRATOR C.T.A. OF ESTATE OF EMMA B. EGERTON, AND R. W. THORNTON, EXECUTOR OF ESTATE OF N. M. THORNTON.

(Filed 1 May, 1957.)

1. **Wills § 32—**

The presumption against partial intestacy is to be applied only as an aid in construction and will not prevail where intestacy is effected by the plain and unambiguous language of the will.

2. **Wills §§ 38, 42—**

The will devised real property to a named devisee and later provided that the rest and residue of testatrix' personal property should go to named legatees. The devisee predeceased testatrix. *Held:* The residuary clause cannot control the disposition of the realty upon the lapse of the devise, since the residuary clause is limited to personalty, and the realty must be distributed to testatrix' heirs at law as in case of intestacy.

APPEAL by defendants Nealy Davis, Pannie Davis, Carolyn D. Dugger, Viola D. Hines and Ethel B. Galbraith, from *Hall, J.*, at January-February, 1957, Civil Term of WARREN.

*G. M. Beam for appellants.*
*Charles P. Green for appellees.*

JOHNSON, J.   Civil action under the Declaratory Judgment Act (G.S. 1-253 *et seq.*) to determine conflicting claims between heirs-at-law of Emma B. Egerton, deceased, and the beneficiaries under her will.

The single question presented for decision is whether the real estate described in the lapsed devise to N. M. Thornton, who predeceased the testatrix, passed under the residuary clause in Item 4 of the will or descended to her heirs-at-law as though no will had been made.

There is no dispute as to the facts.   We have only a question of interpretation.   These are the portions of the will pertinent to decision:

"(3) All the rest and residue of whatever real property I may own at the time of my death, together with any notes due me representing balance due on purchase price of land . . . I give and devise in fee simple absolute to the said N. M. Thornton, . . .

"(4) All of the rest and residue of my personal property, owned by me at the time of my death which now consists of certificates of stock, a note of W. P. Gholson for Twenty-two Hundred and Fifty Dollars ($2250.00) and what cash money that I may have on hand at the time of my death, I wish divided as follows:

"My stock in the Carolina Power & Light Co. to go to my niece, Viola B. Davis, and four of her children, to-wit:  Pannie B. Davis, Carolyn Davis Dugger, Nealy Davis, and Viola Davis Hines. And in the division of said stock my niece Viola B. Davis shall receive thirty-two (32) shares and the remainder shall be divided equally among her said four children:

"My other stock together with the W. P. Gholson note, I direct my executor to convert into cash and divide the proceeds equally between my nephew, Edwin Russell, and my niece Ethel Boyd; whatever cash I may have on hand, either in bank or otherwise, shall be applied to the payment of the legacy to Lottie Egerton Snipes and the cost of administering my estate and the surplus, if any, shall be divided equally between Viola B. Davis, Pannie B. Davis, Carolyn D. Dugger, Nealy Davis, Viola Hines, Ethel Boyd, and Edwin Russell."

These are the other pertinent facts:  N. M. Thornton, the legatee and devisee named in Item 3 of the will, predeceased the testatrix, and the

real property devised to him became a lapsed devise. It consists of an undivided interest in a tract of land in Warren County. The testatrix left no children, but left surviving her two nieces and twenty great nieces and great nephews. The beneficiaries named in the will are: (1) a nephew, Edwin Russell, who predeceased the testatrix leaving a widow and an adopted daughter; (2) a niece, the defendant Ethel Boyd Gailbraith; (3) Viola D. Davis, who predeceased the testatrix leaving four children; (4) the four children of Viola B. Davis, deceased, namely, the defendants Nealy Davis, Pannie Davis, Carolyn D. Dugger, and Viola D. Hines; and (5) these two persons who were not next of kin: Lottie E. Snipes, who received a specific bequest of $1,000 which has been paid; and N. M. Thornton, whose devise and legacy lapsed.

The plaintiffs, heirs-at-laws of Emma B. Egerton, claim that the land described in the lapsed devise to N. M. Thornton passed to the heirs under the intestacy statutes of North Carolina; the defendants, appellants, namely, Nealy Davis, Pannie Davis, Carolyn D. Dugger, Viola D. Hines, and Ethel B. Gailbraith, claim that the land passed under the residuary clause of Item 4 of the will.

The court below concluded and adjudged that the residuary clause by its express terms is inapplicable to real estate and that therefore the land described in the lapsed devise to N. M. Thornton descended to the heirs-at-law of the testatrix according to the intestacy statutes.

We concur in the decision of the court below. True, where there is a will, it is presumed that the testator intended not to die intestate as to any part of his estate. *Trust Co. v. Waddell,* 234 N.C. 454, 67 S.E. 2d 651. However, this presumption against partial intestacy applies only as an aid in construction; and the presumption will not prevail where intestacy is effected by the plain and unambiguous language of the will. *Armstrong v. Armstrong,* 235 N.C. 733, 71 S.E. 2d 119. Here, the residuary clause by its plain and unambiguous language applies only to personal property. Hence the testatrix died intestate as to the real estate described in the lapsed devise to N. M. Thornton.

Affirmed.