MATTHIAS HARVEY and others *v.* AMOS HARVEY and others.

Where devises of land are vague and indefinite, it is competent for the Court, by the intervention of commissioners, to render that certain which was before uncertain, and thus effectuate the intention of the testator. And there being no suggestion of fraud or misconduct on the part of such commissioners, and no evidence offered to sustain the exceptions to their report, the report should be confirmed.

Where a testator devised to A and B, two of his sons, each a portion of his land, and in another clause directed the residue to be sold, and the proceeds to be divided between others of his children: *Held*, that A and B may be regarded as tenants in common with those claiming the residue; and that the Court may call to its aid commissioners to make partition of the lands of the testator.

(*Howe* v *Davis*, 10 Ired. 431; *Bradshaw* v. *Ellis*, 2 Dev. & Bat. Eq. 20, cited and approved.)

SPECIAL PROCEEDING heard upon appeal from the Probate Court, before *Seymour, J.*, at Chambers, Fall Term 1870, LENOIR Superior Court.

The following are the facts as found by his Honor :

1. Thomas Harvey the deceased, died on the 16th day of November, A. D. 1867, leaving him surviving, the plaintiffs Matthias Harvey, Elizabeth Aldridge, wife of L. H. Aldridge, Catharine E. Taylor, wife of Green Taylor, and the defendants Amos Harvey, Franklin Harvey and Thomas Harvey, Jr., his only heirs at law.

That the said Thomas Harvey, Sr., was at the time of his death seised and possessed of two tracts of land which he regarded as one plantation, situated in Lenoir county, one tract containing about 705 acres, the other 68¾ acres. The smaller tract is distant from the larger about one hundred yards.

That Thos. Harvey, Sr., left a last will and testament whereby, in item 2nd, he devised to his son Thomas Harvey, Jr., two hundred and fifty acres of land including the buildings whereon I (the testator) now live and occupy. By item 3rd he also devised to his son Franklin Harvey (under whom the defendant Needham Moore) claims two hundred and fifty acres of land including the buildings which the said Franklin now occupies, and by item 4th he devised all the residue of my— (his) lands to be sold, and the proceeds equally divided between Amos Harvey, Eliza Aldridge, his grand-daughter Catharine E. Taylor, and also one-fourth part to Matthias Harvey's children.

At the time of making the said will, and also at the time of his death, the testator resided on the larger tract and the buildings occupied by Frank Harvey were situate on the same tract.

The undivided interest of Frank Harvey in the lands was sold by the sheriff, to satisfy executions in his hands, on the 10th April, 1871, and the defendant Needham Moore, became the purchaser for the sum of $1,905.00, and took the sheriff's deed therefor, dated 10th of April, 1871, which was probated 15th of April, 1871, and registered on 17th of April, 1871. The defendant Moore went into possession of said interest, by virtue of this deed and has since remained in possession.

On the 22nd February, 1873, the plaintiffs Matthias Harvey, L. H. Aldridge and wife Eliza, Green Taylor and wife Catharine, and others, filed their petition against the defendants Amos Harvey, Franklin Harvey, Thomas Harvey, Jr., and Needham Moore, before the Clerk of the Superior Court of Lenoir county, praying for a division and partition of said land according to the interest of the parties entitled thereto under the 2nd, 3rd and 4th items of the will.

In pursuance of this petition, after due process served and returned, the Court appointed Wiley J. Moseley, Thomas A. Heath and W. J. Pope, Commissioners to make a division and partition of the land specified in the will.

On the 19th day of April, 1873, the said Commissioners proceeded to set apart and allot the land, in obedience to the order of appointment, at which time they allotted to the defendant Thomas Harvey, Jr., 250 acres of land out of the larger tract, including the buildings occupied by Thomas Harvey, Sr., deceased at the time of his death ; to the defendant Needham Moore—claiming under Franklin, 250 acres of land, including the 68¾ acre tract and the buildings occupied by the defendant Franklin Harvey at the time of the death of the testator. Only 181¼ acres of the 250 acres allotted to the defendant Moore was carved out of the 705 acre tract, and the balance of said land of which the testator was seised, and which he devised to be sold under the 4th item of the will, they allotted entirely out of the 705 acre tract.

On the return of the report of the Commissioners, on the 28th day of April, 1873, the defendant Needham Moore, filed the following exceptions to the confirmation of the report.

1. That said Commissioners set apart to him the 68¾ acre tract, which is entirely separate and distinct from the 705 acre tract, on which the buildings of Franklin Harvey were situated at the death of the testator, and only allotted to him 181¼ acres out of the 705 acre tract.

2. That the timber and wood necessary and convenient for

fencing defendant's farm is entirely cut off said farm, and in order to fence said farm, he will be compelled to get his timber off of a different tract of land.

3. That said partition is not in accordance with the meaning and intention of said testator as expressed in the 3d item of said will, but as he alleges the testator intended to give the said Franklin Harvey 250 acres of land entirely out of the 705 acre tract, and that the 68¾ acre tract must be allotted as a portion of the residue left to be sold under the 4th item in the will.

No evidence was offered to sustain the exceptions and the report was confirmed, whereupon the defendant, Moore, appealed to the Superior Court.

His Honor at the hearing, affirmed the judgment of the Probate Judge, and the defendant again appealed.

*Battle & Son*, for appellant.
*Faircloth & Grainger* and *Smith & Strong*, contra.

SETTLE, J. We have had some difficulty in overcoming the objection, that the devises of land to Thomas and Franklin Harvey are so vague and uncertain as to be incapable of location. No metes and bounds, or other description of the land is given, save only that Thomas' tract is to include the house where the testator resided, and Franklin's is to include the house where he (Franklin) resided at the death of the testator.

Upon consideration, however, we have concluded that it was competent for the Court, by the intervention of commissioners, to render that certain which was before uncertain, and thus effectuate the intention of the testator.

We think that those who claim under the 2d and 3rd items of the will, may be regarded as tenants in common with those who claim under the 4th item, and that the Court may call to its aid commissioners to make partition of the lands of the testator.

Assuming, then, that the Court has power to decree partition, have any grounds been shown why the report of the commissioners should not be confirmed? The only objection we hear to the confirmation of the report, is that the commissioners have allotted to the share of Franklin Harvey 250 acres out of the 705 acre tract. We have the fact established that " the testator regarded his two tracts as one plantation."

The 68 acre tract lay nearer to that portion of the land upon which Franklin Harvey resided, than it did to the other lands, and of course the commissioners, who viewed the premises, took into consideration all the circumstances, woodland, cleared land, rich land, poor land—in fact everything that went to make up its value, and their report should be confirmed unless something improper appears upon its face or is shown by extrinsic proof.

There is nothing wrong appearing upon the face of the report, for this Court has repeatedly held that in a will, two tracts of land, as much as half a mile apart, cultivated by the testator as one farm, will pass under the description of " my plantation." *Howe,* v. *Davis,* 20 Ired., 431; *Bradshaw* v. *Ellis,* 2 Dev. and Bat. Eq. 20.

There is no suggestion of fraud or misconduct on the part of the commissioners, and the case for this Court states that no evidence was offered to sustain the exception of the defendant.

The judgment of the Superior Court is affirmed. Let this be certified, &c.

PER CURIAM.                              Judgment affirmed.