A. E. BREAID v. G. A. MUNGER and others.

## Contract of Purchase—Deed.

A contract of purchase of land will not be specifically executed, where the memorandum thereof contains the words, "one hundred acres," but fails to describe its boundaries. This imperfect description is a fatal defect, and cannot be aided by parol evidence.

(*Farmer* v. *Batts*, 83 N. C., 387, and cases cited; *Richardson* v. *Godwin*, 6 Jones' Eq., 229; *Mayer* v. *Adrian*, 77 N. C., 83; *Barnes* v. *Teague*, 1 Jones' Eq., 277; *Love* v. *Neilson*, *Ib.*, 339, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of CAMDEN Superior Court, before *Gilliam, J.*

The plaintiff alleged that the defendants entered into a contract to sell him a certain tract of land in Camden county—describing it in his complaint—and he was thereupon let into possession of the same, and has improved the premises at considerable cost to him. He further alleges that he has paid the purchase money in full, and demanded a deed from the defendants, which they refuse to execute. This action is brought for a specific performance of the contract.

The defendants, among other things not material to the point decided by this court, say that the contract was never reduced to writing, nor was any memorandum thereof signed by them, or either of them, whereby to take the same out of the statute of frauds, and deny many of the allegations in the complaint.

The plaintiff replies and alleges that the contract was reduced to writing, and a memorandum of the same made in words and figures, and set in the opinion here.

The defendants demurred to the replication upon the ground that the facts contained therein are not sufficient in law to support the plaintiff's action. The court sustained the demurrer, and the plaintiff appealed.

38

*Messrs. Grandy & Aydelett,* for plaintiff.
*Mr. J. W. Griffin,* for defendants.

SMITH, C. J.   The case made in the pleadings and the point presented by the demurrer to the replication, which embodies and reiterates the allegations contained in the original and the amended complaint, is simply as to the sufficiency of the written memorandum, therein set out, as evidence under the statute of frauds of a binding contract, capable of being enforced against the defendants.

The memorandum is as follows: In settlement with A. E. Breaid, Kipp and Munger owed him $316.30, to be applied to his 100 acres of land and the lot where his home is paid for in full.                              KIPP and MUNGER,
    New Mills, N. C.,                       Per H. D. K.
        Sept. 1st, 1878.

Nov. 4th, 1879, in addition to the above he has paid one hundred and seventeen dollars and twenty-five cents, in settlement of his account to date.

    (Signed)                   GEORGE A. MUNGER.

The obvious and manifest imperfection in the writing is its failure to describe and fix the boundaries of the one hundred acres, so that its identity can be ascertained and the conveyance adjudged.   It simply declares the balance due upon some settlement between the parties, and their agreement that it shall "be applied to his one hundred acres of land," that is, upon a fair and reasonable interpretation of the words, to a reduction of the indebtedness incurred by the plaintiff in his purchase of land, of that extent, from the subscribing defendants.  The subsequent memorandum is no more explicit, and only acknowledges a further payment upon another adjustment of accounts for the same purpose.

The land, the subject matter of the contract, is nowhere described or defined, except in the number of acres embraced, and this defect under the statute cannot be aided by parol evidence.

Without searching for other authorities, that of *Murdock* v. *Anderson*, 4 Jones' Eq., 77, is decisive. There, it is held that this memorandum—"Received of A. C. Murdock, one hundred dollars in tin-ware, and one carry-all at seventy-five dollars, in part payment of one house and lot in the town of Hillsboro, purchased of me by him for the sum of three hundred and fifty dollars" (signed by the defendant), did not fulfil the requirements of the statute, and that the imperfect description of the land was a fatal defect.

There are adjudications elsewhere, some of which are referred to in the opinion in *Farmer* v. *Batts*, 83 N. C., 387, where the subject is fully discussed, to the effect that if it be shown that the vendor owned a single lot in a specified town, such general words of designation, thus explained, would sufficiently designate the land to which the contract relates, as understood between the parties; it is plain that even this liberal construction would not embrace the present case, or admit the location of the one hundred acres mentioned, whose position and boundaries are wholly indefinite, and incapable of being fixed by anything in the writing.

In *Capps* v. *Holt*, 5 Jones' Eq., 153, the land is described as "lying on the north side of the Watery branch, in the county of Johnston, and state of North Carolina, containing one hundred and fifty acres," and the court declares that "the position, thus given, is not definite enough and no decree for a conveyance could be based upon it." See also *Richardson* v. *Godwin*, 6 Jones' Eq., 229, and *Mayer* v. *Adrian*, 77 N. C., 83.

The admissions in the answer of a verbal contract for land, therein sufficiently described, is unavailable in aid of the insufficient description given in the written receipt, inasmuch as the statutory defence is expressly relied on as a bar to the action. If the answer contained an acknowledgment of all the essential elements of a contract, resting in parol, and denied its legal efficacy brcause not in writing, it could not be enforced; and this

is equally true as to such admission of any of its material facts. *Barnes* v. *Teague*, 1 Jones' Eq., 277.

The demurrer to the replication which seeks to set up and compel the performance of a binding contract must therefore be sustained, and the rulings of the court affirmed.

But while no relief can be obtained on the contract itself, its repudiation by the defendants entitles the plaintiff to a return of the purchase money he may have paid, and remuneration for improvements, lessened by the rents and profits accruing during their occupation. *Love* v. *Neilson*, 1 Jones' Eq., 339.

The action will not, therefore, be dismissed, but if the plaintiff so elects the cause will be retained, and an account ordered to ascertain what may be due him, and to this end a reference directed. The plaintiff will pay the costs of the appeal. Let this be certified to the court below.

No error.                                    Affirmed.