## THOMAS D. WRIGHT v. JESSE HARRIS.

*Will—Devise—Tenancy in Common.*

A testator in his life time settled H, an old family servant and former slave, upon 50 acres of land and by his will devised all his land (including the 50 acres) to his widow for life with remainder to his nephew with a provision that if H should remain with his wife and nephew until the death of the former, he should have, at some suitable place, fifty acres of land. H remained on the place where testator had settled him and served the widow until her death. *Held*, (1) That H is a tenant in common with the nephew who ought to have recognized H's right, under the will, to 50 acres and to have had the same allotted to him in some proper manner. (2) That H is entitled to remain in possession of the 50 acres and to receive the rents and profits thereof until 50 acres out of the land devised shall be allotted to him by proper proceedings.

ACTION to recover land, heard before *Hoke, J.*, at November Term, 1894, of PERSON Superior Court, on pleadings and facts admitted, a jury trial being waived. The facts ppear in the judgment of his Honor and in the opinion of Associate Justice MONTGOMERY.

Upon the facts and pleadings the plaintiff requested his Honor to hold that in the will of Jas. H. Harris no title, interest or estate was vested in the defendant, Jesse Harris ; that the attempted devise to the defendant was void for uncertainty in the property described ; that the devise to Jesse Harris, the defendant, was not imperative or legatory,

because the testator had in his will theretofore devised the remainder in fee of all his estate, real and personal, to the plaintiff, and the said devise to Jesse Harris, the defendant, created no trust and did not create plaintiff and defendant tenants in common; that the plaintiff was not estopped by the action set up by the defendant; that plaintiff was entitled to recover the land described in the complaint and to recover the sum of $76.67 rent from December 22, 1892, to November 22, 1894, at $40.00 per year. His Honor declined to so instruct and plaintiff excepted. His Honor rendered the following judgment:

"This cause coming on to be heard at the Fall Term Superior Court of PERSON County, 1894, before His Honor, *Hoke, Judge,* and a jury, and a jury trial being waived and the facts agreed upon in open Court; that plaintiff and defendant claim their interest in the land under the will of Jas. H. Harris, deceased; that the defendant remained upon the land, and with Elizabeth Harris, widow of testator under the will, until the death of said widow, and occupied at the time of widow's death 50 acres of said land, which had been indicated to him as a suitable place by said testator during his life; that plaintiff and defendant were unable to agree upon which 50 acres should be allotted to defendant under said will, and plaintiff claimed that the devise, under said will of Jas. H. Harris, was too indefinite to pass an interest against defendant; and no evidence being offered that plaintiff had offered defendant any portion of said land, at any point in said land, the Court does find, consider and adjudge, that the possession and occupation of defendant, in the boundary of said testator's land, is not wrongful.

"And that the defendant, Jesse Harris, is entitled to fifty acres of land to be allotted to him by metes and bounds out

of the tract of land of which the late Jas. H. Harris died seized and possessed, the said fifty acres to be allotted to said defendant in some suitable place, under the last will and testament of said Jas. H. Harris, deceased.

"It is further ordered that W. E. Webb, John H. Burch and James Buchanan be, and they are hereby appointed, commissioners to allot and lay off by metes and bounds, in some suitable place, the said fifty acres of land to the said Jesse Harris, and report their proceedings to the next term of this Court; and the said commissioners are empowered to call to their aid a competent surveyor, if they shall deem the same necessary.

"And it is further ordered and adjudged that the said Jesse Harris shall remain in the possession of the land now occupied by him and described in the complaint, until the report of said commissioners hereinbefore directed to be made, is confirmed by the Court; and when the same is confirmed, the defendant, Jesse Harris, is directed to occupy and possess the land so allotted him, and it is adjudged that this cause be retained for further orders."

From this judgment the plaintiff appealed.

*Messrs. Shepherd, Manning & Foushee,* for plaintiff (appellant.)

*Mr. W. W. Kitchin,* for defendant.

MONTGOMERY, J.: The defendant, Jesse Harris, was a former slave of the testator, and the latter, in his will and testament, bore witness to the old servant's character and devotion, in requesting him to remain with his (testator's) widow, until after her death. There are services and kindnesses which these old family servants can and do render to their former owners which none other can, or will render, and the testator understood this as no one else can who never occupied such a relation. The widow survived her

husband some years, and when the end came to her on the 23rd of December, 1894, this old family servant, the defendant, was present, faithful to the end; in fact, from the record it seems that he had never left the old plantation. The testator appears to have been a just man, appreciative of the defendant's services, and in his lifetime had settled him on fifty acres of his land, and in his will made provision for him in compensation for past services and for those to be rendered by him in future to his widow. He devised his tract of land of twelve hundred acres to his widow, for her life, with remainder to his nephew, the plaintiff, but charged it with an interest in favor of the defendant in the following language: "However, I request that Jesse Harris and Henry Harris, former slaves of mine, remain with my wife and nephew until the death of my wife, and if they shall remain with them during that time, that they Jesse and Henry shall have, at some suitable place, fifty acres of land each." The defendant remained with the widow till her death and was faithful to her, and therefore upon her death, under the will, he became entitled to fifty acres of the twelve hundred acre tract of the testator (which was the only land he owned). He is a tenant in common with the plaintiff of the tract of land as to the fifty acres devised to him in the will, and is entitled to partition. *Harvey* v. *Harvey*, 72 N. C., 570; *Grubb* v. *Foust*, 99 N. C., 286. The plaintiff ought to have recognized the right of the defendant, under the will, to fifty acres of land in the tract of twelve hundred, and to have had the same allotted to him in some proper manner. Not having done so, he will not be allowed to eject the defendant from that particular fifty acres of land which he occupies, and which was indicated by the testator during his life time as a suitable home for the defendant, and the defendant will be allowed to remain in the possession of it, until, in the

116—30

manner prescribed by the judgment of the court below, fifty acres of the twelve hundred acre tract shall be allotted by commissioners to him. Redfield Law of Wills, p. 390. The defendant is entitled to such of the crops or proceeds of sale of same as are now in the hands of the receiver, and which were grown on the fifty acres which the defendant has heretofore cultivated.

His Honor committed no error in refusing the instructions asked by the plaintiff, and the judgment of the court below is affirmed.                                                        Affirmed.