B. W. BLANTON ET AL. v. H. E. BONEY.

(Filed 20 March, 1918.)

1. **Wills—Devise—Lands—Vague Description—Descent and Distribution—Intestacy.**

A devise in this case of "forty acres of land to include the dwelling and the old field" is *Held* sufficient description to identify the lands; but if otherwise the plaintiffs would take an undivided interest as heirs at law of the deceased, as in case of intestacy.

2. **Appeal and Error—Record—Exceptions.**

The defendant in an action to recover land may not take advantage of the position that a conveyance of the land had been made according to a parol division, etc., when the fact has been found against him by the jury, and there is no exception of record to present the question.

APPEAL by defendant from *Stacy, J.*, at the August Term, 1917 of DUPLIN.

This is an action to try the title to 40 acres of land, and to recover rents and profits, the plaintiffs claiming to be the owners of five-sevenths of the land as the heirs of Abram Blanton, Sr., and admitting that the defendant is the owner of two-sevenths by purchase from two of said heirs.

The 40-acre tract in controversy is a part of a large tract of 259 acres owned by Abram Blanton, Sr., who died about 1874, leaving a will which provides as follows:

"I give and bequeath to my beloved wife, Mary Jane Blanton, forty acres of land to include the dwelling-house and the old field, in lieu of dower, of the premises on which I now live.

"I also give to the same all of my personal property, all of the above for the term of her natural life, then to be the property of my body heirs."

The defendant reserved several exceptions to present the contention that the description of the land in the will is too vague to admit parol evidence to identify it.

The plaintiffs offered evidence tending to prove that Abram Blanton, Sr., left seven children surviving him, and that they are the heirs of five of these children, and that the defendant has bought the interest of two of the children. Mary Jane Blanton, widow of Abram Blanton, died in 1908.

There was a verdict and judgment in favor of the plaintiffs and the defendant appealed.

*H. D. Williams for plaintiffs.*
*George R. Ward and Stevens & Beasley for defendant.*

ALLEN, J. The principal contention of the defendant in the Superior Court was that there was a division by parol of the lands of Abram Blanton among his heirs, and, as conveyances had been executed in recognition of this partition, that the plaintiffs could not now claim the two shares set apart to the two children under whom the defendant claims, but the fact as to the parol division has been found against the defendant by the jury, and no exception in the record presents the question of the effect of the conveyances on the claim and title of the plaintiffs.

The description of the land in the will is certainly sufficient to pass the land covered by the dwelling house and the old field, but, if altogether void for uncertainty, the title of the plaintiffs would not be affected, because they are the heirs of Blanton, and if no land is described in the will, they would take as heirs as in case of intestacy.

No error.