MRS. LULA HODGES; MRS. SAM D. STONE (WIDOW); MRS. LESSIE STONE (WIDOW); ODELL COATS; PRENTICE COATS AND DUNCAN STEWART, THE LAST THREE BEING HEIRS AT LAW OF HATTIE STEWART COATS, v. JESSE COLEMAN STEWART, JAMES E. WILSON AND D. OLIVE.

(Filed 9 October, 1940.)

**1. Wills § 34b—Devise held void for indefiniteness.**

Testator devised to his son twenty-five acres out of the home tract of 82 acres, the land devised to include the "building and outhouses," and the will provided that the remainder of the real estate should be divided among all of testator's children, naming them, including the devisee of the twenty-five acres. *Held:* The will does not fix a beginning point or boundaries of the twenty-five-acre tract, or furnish any means by which the tract may be identified and set apart from the other land within the boundaries of the home tract, the mere reference to the "building and outhouses" being insufficient for this purpose, and the description is too vague to be aided by parol, nor does it refer to anything extrinsic by which the description might be made definite and certain, and the devise is void for indefiniteness, and the entire acreage must be equally divided among all the children of testator.

**2. Boundaries § 3—**

The description of land in a deed or will must be sufficiently definite to identify the property either within itself or by recurrence to something extrinsic to which the instrument refers, so that the description may be made certain under the principle *id certum est quod certum reddi potest.*

**3. Wills § 33a—**

Where a devise is void for indefiniteness of the description of the property, the devise cannot be given effect as an expression of testamentary intent, since it affords no legal evidence of an intention of testator to devise, and since the courts cannot make a will for testator by supplying provisions which are necessary to give the language used testamentary effect.

APPEAL by defendants from *Hamilton, Special Judge,* at April Term, 1940, of HARNETT. Affirmed.

D. J. Stewart died seized and possessed of two tracts of land, one containing 82 acres and known as the home tract, and the other containing 83 acres. By his will he devised to his son Jesse C. Stewart "twenty-five acres of the home tract of land including the dwelling and outhouses," and directed that the remainder of the land be equally divided among his five children, naming them, including Jesse C. Stewart. Petition for partition of the entire acreage of both tracts was filed by all the children and heirs at law except Jesse C. Stewart who, with his assignees, was made party defendant. Pleadings were filed and the matter came on regularly to be heard in the Superior Court.

Defendants claimed that under the will the, twenty-five acres devised to Jesse C. Stewart should first be set aside, and the remainder divided. The plaintiffs contended that the devise of the twenty-five acres was void for uncertainty and that the entire amount of both tracts should be divided into five equal shares.

The court below held the devise to Jesse C. Stewart was void, and rendered judgment for plaintiffs. Defendants appealed.

*R. L. Godwin for plaintiffs, appellees.*
*Parker & Parker and Neill McK. Salmon for defendants, appellants.*

DEVIN, J. This appeal presents the question of the validity of the provision in the will of D. J. Stewart wherein he devised to his son, Jesse C. Stewart, twenty-five acres of land out of the home tract of 82 acres. The devise is expressed in the following words: "My son Jesse C. Stewart shall have to his use and benefit forever in fee simple twenty-five acres of the home tract of land including the building and outhouses, and the remainder of my real estate to be divided equally among all my children," naming them, including Jesse C. Stewart.

We are of opinion, and so hold, that the devise to the defendant Jesse C. Stewart of twenty-five acres out of a larger tract of 82 acres is void for vagueness and uncertainty in the description of the property attempted to be devised. The will furnishes no means by which the twenty-five acres can be identified and set apart, nor does the will refer to anything extrinsic by which the twenty-five acres can be located. The will fixes no beginning point or boundary. It is too vague and indefinite to admit of parol evidence to support it. There is nothing to indicate where or how the testator intended the twenty-five acres should be set apart out of the 82 acres in the home tract. The principle is firmly established in our law that a conveyance of land by deed or will must set forth a subject matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the instrument refers. It is essential to the validity of a devise of land that the land be described with sufficient definiteness and certainty to be located and distinguished from other land. The language in which the devise to Jesse C. Stewart is expressed contains no reference to anything extrinsic which by recurrence thereto is capable of making the description certain under the principle *id certum est quod certum reddi potest.*

There are numerous cases in our reports which support the view here taken. *Deaver v. Jones,* 114 N. C., 649, 19 S. E., 637; *Harris v. Woodard,* 130 N. C., 580, 41 S. E., 790; *Kennedy v. Maness,* 138 N. C., 35, 50 S. E., 450; *Smith v. Proctor,* 139 N. C., 314, 51 S. E., 889; *Cathey v. Lumber Co.,* 151 N. C., 592, 66 S. E., 580; *Beard v. Taylor,* 157 N. C., 440, 73 S. E., 213; *Higdon v. Howell,* 167 N. C., 455, 83 S. E., 807;

*Bissette v. Strickland,* 191 N. C., 260, 131 S. E., 655; *Katz v. Daughtrey,* 198 N. C., 393, 151 S. E., 879; *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889; *Johnston County v. Stewart,* 217 N. C., 334.

The mere reference to the land as "including the building and outhouses" may not be held sufficient to afford means of locating or identifying the twenty-five acres, or distinguishing them from other land within the boundaries of the home tract. Nor may these words be construed as a testamentary intention to which the law would give effect. This is upon the principle upheld in *McGehee v. McGehee,* 189 N. C., 558, 127 S. E., 549, and *Melchor v. Burger,* 21 N. C., 634, that an attempted invalid devise, one which the law decrees void, affords no legal evidence of an intention in the testator to devise. The court cannot make a will for the testator nor add to the valid portions of his will provisions which are not therein expressed. Having stricken down the devise as void, the court will not resurrect it and give it vitality in order to effectuate a purpose not expressed in the will.

It follows that if the devise of twenty-five acres to Jesse C. Stewart be void for uncertainty, the entire acreage of both tracts must be equally divided among the testator's five children. Thereby the defendants will receive the one-fifth share of Jesse C. Stewart upon terms of equality with each of the other children. The devise of twenty-five acres to Jesse C. Stewart being void, no effect can be given to it.

The judgment of the court below to this effect is
Affirmed.