A. P. CARLTON v. W. H. ANDERSON AND RANDALL SHEPPARD

No. 45

(Filed 13 May 1970)

**Frauds, Statute of § 7;    Boundaries § 10;    Vendor and Purchaser § 8— option contract — description of land**

> Description in an option contract referring to the land to be conveyed as "a certain tract or parcel of land located in ...................... Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85" *is held* insufficient to comply with the statute of frauds, and consequently the option is unenforceable. G.S. 22-2.

APPEAL by defendants from the decision of the North Carolina Court of Appeals reversing a judgment of nonsuit entered in the Superior Court of GUILFORD County at its July 7, 1969 Session. The decision of the Court of Appeals was written by Judge Brock, and concurred in by Judge Graham. However, Judge Britt, the third member of the panel, filed a dissent. The defendants appealed to this Court as a matter of right.

The plaintiff instituted this action on March 12, 1969, and filed a verified complaint in which he alleged that the defendants, in consideration of $500 paid and $39,500 to be paid, agreed to convey to the plaintiff certain lands described as follows:

> ". . . a certain tract or parcel of land located in ... ............... Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85."

The plaintiff alleged that within the time specified in the option, he tendered to the defendants the sum of $39,500, and demanded a deed for the described tract of land. The defendants refused to

execute a deed. The plaintiff alleged the land, at the time he demanded the deed, was reasonably worth $100,000; that he had been damaged by the defendants' wrongful breach of the contract in the sum of $60,500, for which he demanded judgment.

The defendants, by answer, admitted that they executed the paperwriting and that they received $500 from the plaintiff, which they agreed to return. They further admitted that the plaintiff had tendered $39,500 and demanded a deed, which they refused to execute. As a plea in bar of the plaintiff's right to recover, the defendants alleged the paperwriting, a copy of which was attached to the complaint and made a part of it, was insufficient to identify any tract of land and did not comply with G.S. 22-2, which required such agreement to be in writing.

After hearing, Judge Peel entered judgment sustaining the plea in bar, ordered the defendants to return to the plaintiff the $500 which had been advanced. From the judgment sustaining the plea in bar and dismissing the action, the plaintiff appealed to the North Carolina Court of Appeals, which reversed the judgment. Judge Britt dissented. The defendants appealed to this Court.

*Booth, Fish & Adams by J. Patrick Adams and H. Marshall Simpson for the plaintiff.*

*Jordan, Wright, Nichols, Caffrey & Hill by Luke Wright and Edward L. Murrelle for the defendants.*

HIGGINS, J.

This case presents one clear-cut question of law. Does the memorandum signed by the defendants contain a description of the land sufficiently definite to meet the requirements of the statute of frauds? The requirements are easily stated. Difficulty arises in their application. Some descriptions are so precise and definite as to leave no doubt about their sufficiency. Others are so vague and indefinite as to leave no doubt as to their insufficiency. Somewhere between these extremes is a dividing line. Near the line on either side is a twilight zone where the court must decide on which side a contested description falls. Trouble arises in the borderline cases.

G.S. 22-2, in material substance, provides all contracts to sell and convey land or any interest therein ". . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized". Many times this Court has been confronted with and has decided the question whether a

description is sufficiently definite to identify the land involved. The cases are listed and annotated in Volume D1, Michie's Replacement, 1965, and in the 1969 Cumulative Supplement thereto. The general rule governing decision was stated in *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593 (opinion by Winborne, J., later C.J.):

"This Court has uniformly recognized the principle that a deed conveying land, or a contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S., 22-2, must contain a description of the land, the subject matter thereof, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed, contract or memorandum refers."

We quote here the full description as disclosed in the written memorandum: ". . . a certain tract or parcel of land located in .... ..................:...... Township, Guilford County, North Carolina, and described as follows: About Four Acres situated at the North-East Intersection of Mt. Hope Church Road and Interstate 85." It is obvious the memorandum is sufficient to locate the intersection of the two roads. The compass will properly locate the northeast of the intersection. The description will place the beginning corner at the intersecting point of the roads. Assuming that one of the boundary lines is on Mt. Hope Church Road and the other is on Interstate 85, how are we to determine the length of each line and how are we to find the closing lines necessary to include a tract of land? We must find the location of the boundary lines from the writing, or from something referred to therein. Patently, the writing is not sufficient to complete a description. Any tract or parcel of land containing about four acres *at the intersection* is the complete description. The writing refers to nothing more. Actually, only one point in the possible perimeter is fixed by the written description — the intersection of the church road and I-85. A surveyor can locate the point of the intersection. Thereafter, nothing else is certain or capable of being made certain by anything referred to in the writing.

We hold the memorandum insufficient to meet the requirements of G.S. 22-2, for the writing itself does not point to anything except two roads. These roads do not enclose any boundary. *Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759; *Kelly v. Kelly*, 246 N.C. 174, 97 S.E. 2d 872; *Deans v. Deans*, 241 N.C. 1, 84 S.E. 2d 321; *Breaid v. Munger*, 88 N.C. 297. The trial court was correct in sustaining the plea in bar. The Court of Appeals committed error in reversing the judgment. The decision is

Reversed.