CONNIE B. WATTS AND MITCHELL W. WATTS v. HELEN R. RIDENHOUR AND CHARLES E. RIDENHOUR

No. 7519SC209

(Filed 20 August 1975)

**Frauds, Statute of § 7; Vendor and Purchaser § 3— option to purchase land — insufficient description**

An option to purchase land granted plaintiffs by defendants was void for uncertainty since the description of the land which was the subject of the written option agreement was neither certain in itself nor capable of being reduced to certainty by reference to anything referred to in the contract.

APPEAL by plaintiffs from *Long, Judge.* Judgment entered 30 December 1974 in Superior Court, CABARRUS County. Heard in the Court of Appeals 13 May 1975.

Civil action to obtain specific performance of an option to convey real property. On 24 May 1971 plaintiffs as purchasers and defendants as sellers entered into a written contract pursuant to which defendants thereafter conveyed to plaintiffs Plots 1 through 7 inclusive as shown on a map of the "Old Weatherman Farm" in Cabarrus County, a copy of which map was attached to and made a part of the contract by reference. This map shows a large tract of land divided into ten plots. Plots 1 through 7, together with Plots 9 and 10, comprise approximately the western portion of the large tract. The remaining portion of the large tract is irregularly shaped, somewhat resembling a boot, and occupies roughly the eastern half of the large tract. The number "8" appears on the western end of this boot-shaped tract. In the margin of the map there are notations apparently intended to show the area of each of the ten plots. The area shown for No. 8 is five acres; however, if Plot 8 includes the entire boot-shaped tract, it is several times larger than five acres.

As part of their contract defendants granted to plaintiffs an

"option to purchase additional acreage lying to the rear of Plot No. 8 for the price of $300.00 per acre, this acreage to lie primarily on the southeast side of a line running along the southeastern side of Plots Nos. 4, 5, 6 and 10 and extending on to the rear property line."

Plaintiffs gave defendants timely notice that they were exercising the option and requested defendants to advise them of the total acreage involved. Defendants refused to honor the option, and plaintiffs brought this action.

Both plaintiffs and defendants moved for summary judgment. The court, concluding that "the description contained in the alleged option upon which the plaintiffs seek specific performance is patently ambiguous and is void for uncertainty," granted defendants' motion and dismissed plaintiffs' action. Plaintiffs appealed.

*Davis, Koontz & Horton by K. Michael Koontz for plaintiff appellants.*

*Alexander & Brown by B. S. Brown, Jr. for defendant appellees.*

PARKER, Judge.

The only question presented is whether the option agreement contains a description of the land sufficiently definite to meet the requirements of the statute of frauds, G.S. 22-2. We agree with the trial court that it does not.

A contract to sell or convey land, or a memorandum thereof, within the meaning of the statute of frauds, must contain a description of the land, the subject matter of the contract, which is either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers. *Carlton v. Anderson*, 276 N.C. 564, 173 S.E. 2d 783 (1970); *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964); *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593 (1946).

Here, the property subject to the option is described simply as "additional acreage lying to the rear of Plot No. 8 . . . this acreage to lie primarily on the southeast side of a line running along the southeastern side of Plots Nos. 4, 5, 6 and 10 and extending on to the rear property line." To locate property "lying to the rear of Plot No. 8" it is first necessary to locate

Plot No. 8 and to identify its "rear" line. This cannot be done by reference to the map which is made part of the contract or by anything else to which the contract refers. Obviously Plot No. 8 does not include the entire large boot-shaped tract in which the figure "#8" appears, for if that were the case there could be no property left "lying to the rear of Plot No. 8" to which the contract could have reference. If Plot No. 8 contains only five acres to be carved out of the western end of the boot-shaped tract, then, while there could be property left "lying to the rear of Plot No. 8" to which the contract could have reference, in such case we are immediately confronted with the difficulty that there is an infinite variety of ways in which five acres can be carved out of the western end of the boot-shaped tract, and nothing in the contract or in anything to which the contract refers makes it possible to identify any particular way in which the carving is to be done. If it be assumed that the western line of the large boot-shaped tract is also the western line of Plot No. 8, a surveyor may locate that line. Thereafter, nothing else is certain or capable of being made certain by anvthing referred to in the writing. It is simply impossible to locate the other lines of a five-acre tract comprising Plot No. 8 in this case, just as it was impossible to locate the lines of the four-acre tract referred to in *Carlton v. Anderson, supra.*

The reference in the option agreement to the property as "acreage to lie primarily on the southeast side of a line running along the southeastern side of Plots Nos. 4, 5, 6 and 10 and extending on to the rear property line" does not aid the description but merely adds to the uncertainty. The "southeastern side of Plots Nos. 4, 5, 6 and 10" is not a straight line and it is impossible to locate with certainty any exact extension of such a line "to the rear property line." Even if such a line could be located exactly, the acreage involved is described, not as lying on the southeast side of such a line, but only as lying "primarily" on the southeast side thereof.

The description of the land which is the subject of the written option agreement being neither certain in itself nor capable of being reduced to certainty by reference to anything referred to in the contract, the option agreement is void for uncertainty. The judgment appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.