MARY R. TAYLOR v. D. WAYNE TAYLOR, INDIVIDUALLY, ROLAND TAYLOR AND WIFE, EDNA H. TAYLOR; T. C. TAYLOR AND WIFE, MARJORIE A. TAYLOR; DORIS TAYLOR ROBINSON AND HUSBAND, DAVID ROBINSON; EDWARD TAYLOR; TRUSTEES OF CEDAR GROVE METHODIST CHURCH; ERVIN TAYLOR; FRANCES T. BLAKELY; EDNA MAY MAYNOR; RUBY LEE DAY; SAMUEL TAYLOR

No. 7915SC645

(Filed 4 March 1980)

1. **Wills § 61.5— dissent to will—right to obtain declaratory judgment as to provisions of will**

    The fact that plaintiff had filed a dissent to her husband's will did not preclude her from maintaining an action to obtain a declaratory judgment to ascertain what property passed under the will to her and to other devisees and legatees.

2. **Wills § 1.4— devises void for vagueness of description**

    Items of testator's will in which he attempted to devise to named devisees separate tracts of land described simply as, first, "my home and 30 acres of land surrounding the same," second, "12 acres of my Plantation located in the Northwest corner of same," and third, "12 acres on the East side of my Plantation" are void for vagueness and uncertainty in the descriptions of the property attempted to be devised. Furthermore, a fourth item of the will which attempted to devise the "remainder of my real estate" constituted an attempted specific devise of that portion of testator's farm which remained after carving out of the farm the tracts referred to in the first three items and was also void for vagueness of description since the location of the boundaries of the

tracts in the first three items cannot be identified, and therefore the boundaries of the remainder cannot be identified.

Judge MARTIN (Robert M.) dissenting.

ON writ of certiorari to review judgment entered by *Bailey, Judge*, 25 April 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 31 January 1980.

Plaintiff, the widow of J. B. Taylor, brought this action on 22 July 1976 against all other devisees and legatees named in the will of her deceased husband to obtain a declaratory judgment determining the rights of the parties under the will. J. B. Taylor, the owner of a farm in Orange County, died on 31 January 1973 leaving a last Will dated 30 August 1958 which was duly admitted to probate. In pertinent part, the Will provided as follows:

After the payment of my just debts and funeral expenses, I give, devise and bequeath my property as follows:

FIRST: To my beloved wife, Mary R. Taylor, I give, devise and bequeath my home and 30 Acres of land surrounding the same to be hers for and during the term of her natural life, and at her death, I give, devise and bequeath the same to my two nephews, Wayne Taylor and Roland Taylor, share and share alike.

SECOND: To my brother, Edward Taylor, I give, devise and bequeath 12 Acres of my Plantation located in the Northwest corner of same, to be his absolutely and in fee simple.

THIRD: To my brother, T. C. Taylor, I give, devise and bequeath 12 Acres on the East side of my Plantation to be his absolutely and in fee simple.

FOURTH: The remainder of my real estate, I give, devise and bequeath to my two nephews, Wayne Taylor and Roland Taylor in fee simple, share and share alike.

FIFTH: I give, devise and bequeath to the Trustees of Cedar Grove Methodist Church the sum of $400.00 to be used in the upkeep of the Church and Cemetery as they deem advisable.

SIXTH: To my sister, Mary T. Graham, and to my nieces and nephews, Ervin Taylor, Frances T. Blakely, Edna May

Maynor, Ruby Lee Day, Doris T. Hawkins and Samuel Taylor I give, devise and bequeath the sum of $25.00 each.

SEVENTH: The remainder of my property, real, personal and mixed, I give, devise and bequeath to my beloved wife, Mary R. Taylor, to be hers absolutely and in fee simple.

The farm in Orange County was the only real estate owned by the testator. In her complaint plaintiff alleged that questions had arisen as to whether the devises made by the first three items of the will were void because of vagueness and as to whether the remainder of the testator's real estate passed to his nephews, Wayne Taylor and Roland Taylor, under Item Fourth or to his wife, Mary R. Taylor, under Item Seventh of the Will.

The defendants moved under G.S. 1A-1, Rule 12(b) to dismiss the complaint on the ground that the plaintiff, having previously filed a dissent to the Will, no longer had any interest in its interpretation. This motion was denied. The case then came on for hearing upon plaintiff's motion for summary judgment. Defendants sought to introduce affidavits, maps, and an aerial photograph which they contended would make clear what the testator intended to devise by the first four items of the Will. The plaintiff objected to this evidence on the grounds that it was irrelevant, and the court sustained the objection. The court then entered judgment as follows:

The Court concludes that the attempted devises contained in the First, Second and Third items of the Will of J. B. Taylor are void for vagueness; that the testator intended by Item Fourth of said Will to devise to Wayne Taylor and Roland Taylor the remainder of said farm not included in the devises attempted by the first three items of said Will; that since the attempted devises contained in the first three items are incapable of location because of the vagueness of said descriptions, the remainder of said property cannot be determined and is void for vagueness; that said void devises fail to take effect and pass under Item Seventh to the widow of the testator, Mary R. Taylor, absolutely and in fee simple.

From this judgment, the defendants gave notice of appeal. In order to permit perfection of the appeal, this Court thereafter granted their petition for writ of certiorari.

*Graham & Cheshire by Lucius M. Cheshire for plaintiff appellee.*

*Latham, Wood and Balog by James F. Latham for defendant appellants.*

PARKER, Judge.

[1] Defendants' first two assignments of error are each directed to the denial of their motion to dismiss the plaintiff's complaint. They contend that the plaintiff, having filed a dissent to her husband's Will on 23 May 1973, no longer had sufficient interest when this action was commenced on 22 July 1976 to permit her to maintain the action and that because of the dissent the court lacked jurisdiction over the subject matter. We do not agree. The record reveals that all that has happened is that plaintiff has *filed* her dissent within apt time as she was required to do by G.S. 30-2, else she would have been deemed to have waived her *right* to dissent. Whether plaintiff has a *right* to dissent is governed by the provisions of G.S. 30-1 and is yet to be determined. That determination cannot be made until, among other matters, it is first ascertained what is "the aggregate value of the provisions under the will for the benefit of the surviving spouse." G.S. 30-1(a); *See In re Estate of Connor*, 5 N.C. App. 228, 168 S.E. 2d 245 (1969). The present action for a declaratory judgment is an appropriate procedure for ascertaining what property passed to the surviving spouse under the will, and she has a right to maintain this action in order to determine whether she has a right to dissent. For the same reason, the court had jurisdiction over the subject matter. Defendants' first two assignments of error are overruled.

Defendants' third assignment of error challenges the court's entry of summary judgment declaring the first three items of the will void for vagueness and their fourth assignment of error challenges the court's ruling that the fourth item of the will is also void for vagueness and that the real property of the testator passed under the seventh item to the plaintiff. We find no error in these rulings.

At the outset we note that summary judgment is appropriate in an action for a declaratory judgment where, as in the present case, there is no genuine issue as to any material fact and the

Taylor v. Taylor

rights of the parties may be determined as a matter of law. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972). Although defendants attempted to introduce affidavits, maps, and an aerial photograph, which they contended would make it possible to ascertain exactly what lands the testator intended to devise by each of the first four items of his Will, these documents were excluded from evidence by the trial court and no exception was taken or assignment of error made to that ruling. Thus, the present case comes before us for decision, as it did before the trial court, on undisputed facts.

[2] It is undisputed that at the time of his death the testator owned but a single tract of real property, a farm in Orange County. The exact size of this farm is not disclosed in the record, but it is undisputed that the area of the farm is greater than the total number of acres which the testator referred to in and attempted to devise by the first three items of his will. By these items the testator attempted to devise to named devisees separate tracts of land described simply as, first, "my home and 30 Acres of land surrounding the same," second, "12 Acres of my Plantation located in the Northwest corner of same," and third, "12 Acres on the East side of my Plantation." No further description of these tracts is contained in the will, nor does the will refer to any means by which the separate tracts can be identified and set apart. We agree with the trial court that the descriptions contained in the first three items of the will are too vague and indefinite and that the devises attempted to be made therein are void for uncertainty.

> The principle is firmly established in our law that a conveyance of land by deed or will must set forth a subject matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the instrument refers. It is essential to the validity of a devise of land that the land be described with sufficient definiteness and certainty to be located and distinguished from other land.

Devin, J. (later C.J.) in *Hodges v. Stewart*, 218 N.C. 290, 291, 10 S.E. 2d 723, 724 (1940); *see, Carlton v. Anderson*, 276 N.C. 564, 173 S.E. 2d 783 (1970); *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964).

In *Hodges v. Stewart, supra,* our Supreme Court held a devise of "twenty-five acres of the home tract of land including the dwelling and outhouses" void for vagueness and uncertainty in the description of the property attempted to be devised, the opinion of the Court pointing out that the will furnished no means by which the twenty-five acres could be identified and set apart nor did it refer to anything extrinsic by which the twenty-five acres could be located. The court held the description "too vague and indefinite to admit of parol evidence to support it." We find the description of the tract which the testator attempted to devise in the first item of the will now before us, "my home and 30 acres of land surrounding the same," no more definite than the description held void for vagueness in *Hodges v. Stewart, supra.* Similarly, we find the descriptions of the tracts which testator attempted to devise in the second and third items of his will no more definite than the description of the tract which the Supreme Court found void for uncertainty in *Carlton v. Anderson, supra.*

The question remains concerning the description contained in the fourth item of the will, in which the testator described the property attempted to be devised as the "remainder of my real estate." We agree with the trial court's interpretation of this item as constituting an attempted specific devise of a particular tract of land rather than as being a general residuary clause. Such an interpretation is supported by the position of the fourth item in the will and by the fact that the will contains a clearly expressed general residuary clause in Item Seventh. So interpreting Item Fourth as an attempted specific devise of that portion of the testator's farm which remained after carving out of the farm the tracts referred to in the first three items of the will, it is apparent that, since the boundaries of those tracts cannot be identified, it is equally impossible to identify the boundaries of the tract attempted to be devised by Item Fourth.

We agree with the trial court's decision that devises attempted to be made by the first four items of the will are void for uncertainty of the descriptions and that the real property which the testator attempted to devise therein passed under Item Seventh to the testator's widow, the plaintiff in this action. Accordingly, the judgment appealed from is

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge MARTIN (Robert M.) dissents.

Judge MARTIN (Robert M.) dissenting.

I dissent from the majority. I do not quarrel with the majority's interpretation of *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723 (1940) as applied to this case. I believe the rule of *Hodges* should be reconsidered. I would hold that a devise of a tract of real estate should not be governed by the same requirement of definiteness of description as a deed or contract to convey. I would hold that the devises of real estate in the first, second, and third items of the will are definite enough to be located from the real estate which was owned by the testator and the will should be enforced. I believe this is the law in the majority of our jurisdictions, Annot. 157 A.L.R. 1129, 1130 (1945) and was the law of this state prior to *Hodges v. Stewart, supra. See Harvey v. Harvey*, 72 N.C. 570 (1875); *Wright v. Harris*, 116 N.C. 462, 21 S.E. 914 (1895); *Blanton v. Boney*, 175 N.C. 211, 95 S.E. 361 (1918); *Freeman v. Ramsey*, 189 N.C. 790, 128 S.E. 404 (1925). I dissent from the majority in order to give our Supreme Court the opportunity to reconsider *Hodges v. Stewart, supra.*