Stephenson v. Rowe

tiffs' action has not been shown to be barred by the statute of limitations.

IV

---

SHARON ROWE STEPHENSON, SANDRA ROWE FAULKNER, SHEILA ROWE AND MAXINE ROWE AS GUARDIAN AD LITEM FOR SYLVIA PAULETTE ROWE, A MINOR, ANGELA ALINE ROWE, A MINOR, KATHERINE LOUISE ROWE, A MINOR, AND AARON WILLIAM ROWE, A MINOR, AND JOHN J. SCHRAMM, AS GUARDIAN AD LITEM FOR UNBORN PERSONS v. LUCILLE JONES ROWE, INDIVIDUALLY, AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF AARON WILLIAM ROWE, AND AS TRUSTEE UNDER THE WILL OF AARON WILLIAM ROWE

No. 8322SC774

(Filed 7 August 1984)

**Wills § 1.4— devise of real property—no definite description—devise invalid**

The trial court erred in granting summary judgment for defendant in an action to determine the validity of an ambiguous devise of real estate in a will where the provision in question devised to testator's wife "the homeplace occupied by us at the time of my death, together with thirty (30) acres of real

estate immediately surrounding the homeplace," since the will furnished no means by which the 30 acres could be identified and set apart, nor did the will refer to anything extrinsic by which the 30 acres could be located.

Judge BECTON dissenting.

APPEAL by plaintiffs from *Helms, Judge*. Judgment entered 18 February 1983 in Superior Court, IREDELL County. Heard in the Court of Appeals 2 May 1984.

*William T. Graham for plaintiff appellants.*

*Rudisill & Brackett, P.A., by J. Richardson Rudisill, Jr., for defendant appellee.*

JOHNSON, Judge.

This case involves the validity of an ambiguous devise of real estate in a will. We hold that the trial court erred in ruling that the devise was valid and in granting summary judgment to defendant accordingly.

I

The testator, Aaron William Rowe, owned a large farm of about 160 acres, where he lived with his second wife, Lucille Jones Rowe. His will contained the following provision:

I will, devise and bequeath to my wife, Lucille Jones Rowe, the homeplace occupied by us at the time of my death, together with thirty (30) acres of real estate immediately surrounding the homeplace, to be hers in fee simple, absolutely and forever.

A general residuary clause placed the remainder of the testator's property, both real and personal, in trust for Lucille Rowe and the testator's seven children by his first marriage, with Lucille Rowe as trustee. The trust property was to be divided equally among the beneficiaries.

The thirty-acre devise was not surveyed or fenced off before the testator's death. After his death, Lucille Rowe, in her capacity as executrix, had the thirty-acre tract surveyed and deeded to herself individually.

Plaintiffs, three of the testator's children, his first wife, Max-ine Rowe, as guardian ad litem for the minor children, and a guardian ad litem for the children's unborn issue, filed the pres-ent action seeking a construction of the will and a declaration that the attempted thirty-acre devise failed for vagueness. De-fendant, Lucille Rowe, individually and in her capacity as ex-ecutrix (hereinafter referred to simply as defendant), filed a lengthy answer contending that the will was at most latently am-biguous, or in the alternative, counterclaimed that the court should impose a constructive trust on the land. She then moved for partial summary judgment on the construction issue, sup-ported by numerous affidavits describing the testator's expres-sions of intent before his death. Plaintiffs moved to dismiss the counterclaim and for summary judgment. The trial court denied the motion to dismiss and granted summary judgment to defend-ant on her motion, ruling that Lucille Rowe individually held title to the thirty-acre tract as set forth in the survey made after the testator's death. From this order, plaintiffs appeal.

II

Defendant moved to dismiss the appeal for plaintiffs' failure to file it within the 150-day limit set by the Rules of Appellate Procedure. 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 12(a) (Supp. 1983). Although the trial court apparently announced its judgment at a hearing in November 1982, it did not render a signed judgment until February 1983, at which time it also signed and filed plaintiffs' appeal entries. Plaintiffs filed the record in this Court in July 1983. The 150-day limit depends on the giving of notice of appeal. It is well established that the time limit for giving notice starts to run when the trial judge announces his decision in open court, unless the court provides for judgment to be effective on signing. The date of the written order does not control. N.C. Gen. Stat. § 1-279 (1983); N.C. Gen. Stat. § 1A-1, Rule 58 (1983); 4A N.C. Gen. Stat. App. I (2A), N.C. R. App. P. 3 (Supp. 1983); *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982), *ap-peal dismissed*, 459 U.S. 1139, 74 L.Ed. 2d 987, 103 S.Ct. 776 (1983). Plaintiff appellants made no motion to extend the time for filing the appeal, and thus it is subject to dismissal. Nevertheless, in our discretion, we treat the purported appeal as an application for writ of certiorari, allow same, and proceed to consider the

merits. N.C. Gen. Stat. § 7A-32(c) (1981); 4A N.C. Gen. Stat. App. I (2A); N.C. R. App. P. 21 (Supp. 1983).

## III

Plaintiffs first challenge the form of the judgment. We find the summary judgment order sufficiently clear to dispose of this assignment. The trial court ruled that the will was, at worst, latently ambiguous, and that plaintiffs forecast no extrinsic evidence, which would raise a genuine issue of fact as to which thirty acres testator intended to devise to defendant. Plaintiffs raised no other issues in their Complaint, except whether defendant was appointed as trustee under the will. The will itself clearly and definitively answers that issue in defendant's favor. Once the trial court granted summary judgment on the construction issue, defendant's counterclaim for the declaration of a constructive trust became moot. Since the trial court accepted defendant's evidence that testator intended to devise a certain thirty acres, and since that thirty acres had already been deeded to Lucille Rowe and no longer abutted any other property of the estate, it appears that no further judicial proceedings were necessary to establish the boundaries. Accordingly, the summary judgment, although nominally partial, effectively resolved all issues. Since the summary judgment against plaintiffs resolved the case, the trial court could properly tax costs following the judgment. N.C. Gen. Stat. § 6-21 (1981).

## IV

As a result, the only question we need decide is the propriety of the grant of summary judgment on the construction issue.

In construing a will, the intent of the testator is the "polar star" which guides the courts. *Adcock v. Perry*, 305 N.C. 625, 290 S.E. 2d 608 (1982). The testator unequivocally intended to give Lucille Rowe thirty acres of land, and we should not lightly disregard such clearly expressed wishes.

However, we may perform our duty to give effect to the intent of the testator only within the limits of the rules of law fixed by statute and decisions of our courts. *Dearman v. Bruns*, 11 N.C. App. 564, 181 S.E. 2d 809, *cert. denied*, 279 N.C. 394, 183 S.E. 2d 241 (1971). One such rule, applicable here, was established by our Supreme Court in *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723

(1940). There, the testator attempted to devise out of a total holding of 165 acres "25 acres of the home tract of land including the building and outhouses. . . ." In affirming the trial court's ruling that the attempted devise failed for vagueness, the *Hodges* Court held:

> The will furnishes no means by which the twenty-five acres can be identified and set apart, nor does the will refer to anything extrinsic by which the twenty-five acres can be located. The will fixes no beginning point or boundary. It is too vague and indefinite to admit of parol evidence to support it. There is nothing to indicate where or how the testator intended the twenty-five acres should be set apart out of the 82 acres in the home tract. The principle is firmly established in our law that a conveyance of land by deed or will must set forth a subject matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the instrument refers. *It is essential to the validity of a devise of land that the land be described with sufficient definiteness and certainty to be located and distinguished from other land.* [Emphasis added.]

218 N.C. at 291, 10 S.E. 2d at 724. The only difference between this case and *Hodges* lies in the words "immediately surrounding." These fix no beginning point or boundary, however. They do not indicate how the 30 acres are to be separated from the other land, except by mathematical speculation. They are thus too vague and indefinite "to admit of parol evidence to support them." *Id.* Therefore, the trial court erred in implicitly ruling, as it must have to consider defendant's parol evidence, that the devise was only latently ambiguous. *A fortiori*, the summary judgment based thereon also constituted error.

V

Defendant attempts to distinguish *Hodges*, citing *Redd v. Taylor*, 270 N.C. 14, 153 S.E. 2d 761 (1967), in which a devise of "the part of the Farm . . . that they want" was held valid. The testator and devisees in *Redd* had agreed prior to the testator's death which land would pass, however, and the land was described in a lease between them. The Court specifically distinguished *Hodges*, on the ground that that case had required a separation, while *Redd* required only an "identification," by

means of the testatrix's declarations and documents in existence during the testatrix's lifetime. Plaintiffs advance no extrinsic evidence *existing before the testator's death* to support their claim.

In *Cable v. Hardin Oil Co.*, 10 N.C. App. 569, 179 S.E. 2d 829, *cert. denied*, 278 N.C. 521, 180 S.E. 2d 863 (1971), we upheld a devise of 25 acres out of a 73 acre tract. There, however, the will specifically provided that the tract was "to be selected" by the devisee. The express grant of a power of selection took *Cable* out of the rule of *Hodges*. No such express grant to defendant appears in this will. Although her powers as trustee are extensive, they do not include the power to transfer portions of the trust assets to selected individual beneficiaries. We therefore must hold that *Hodges* applies, and that the devise must fail.

VI

Relying on *Taylor v. Taylor*, 45 N.C. App. 449, 263 S.E. 2d 351, *rev'd on other grounds*, 301 N.C. 357, 271 S.E. 2d 506 (1980), defendant contends that if the devise of 30 acres fails, the residuary clause must fail as well. *Taylor* concerned a specific devise of the "remainder of my real estate," which we held must fail with the overly vague devise of the home and "30 Acres of land surrounding the same," since the remainder clause depended on the first for its determination. Here on the other hand there was an independent and effective general residuary clause, absent in *Taylor*. Therefore *Taylor* is distinguishable and the devise of testator's real estate to the trust may stand.

VII

We are aware that our result, mandated by *Hodges*, is contradictory to the express intent of the testator. *Hodges* has been criticized as imposing too strict a requirement, most recently in *Taylor v. Taylor* (Robert M. Martin, J., dissenting). *See also* Annot., 157 A.L.R. 1129 (1945). Judge Robert Martin explicitly invited the Supreme Court by his dissent in *Taylor* to reconsider *Hodges*. In reversing on other grounds, the Supreme Court implicitly refused to do so. Because defendant has failed to show why *Hodges* should not apply, *Hodges* must supply the rule of de-

Stephenson v. Rowe

cision. Therefore, the order must be vacated and the cause remanded for proceedings consistent with this opinion.

Vacated and remanded.

Judge WELLS concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that the *Hodges* decision, relied on by the majority, overlooks the fundamental distinction between the sufficiency of descriptions required in deeds as opposed to devises under wills, I dissent.

Judge Robert Martin dissented in *Taylor v. Taylor*, raising precisely the same question, *i.e.*, the soundness of the rule in *Hodges*. In his dissent, Judge Martin expressly invited the Supreme Court to reconsider *Hodges*; however, the Supreme Court reversed without reaching the question, since the surviving spouse's effective dissent from the will rendered the validity of the will's provisions moot. The surviving spouse has not dissented in the present case, and the viability of *Hodges* is thus squarely presented.

The *Hodges* Court declared a devise of "twenty-five acres of the home tract including the building and outhouses" void for vagueness based on "[t]he principle . . . firmly established in our law that a conveyance of land by deed or will must set forth a subject matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the instrument refers." 218 N.C. at 291, 10 S.E. 2d at 724. Yet the deed construction cases cited in *Hodges* to support this principle refer exclusively to conveyances of land by deed or other writing. *See, e.g., Cathey v. Buchanan Lumber Co.*, 151 N.C. 592, 66 S.E. 580 (1909). A will is *not* a conveyance. 5A G. Thompson, *Real Property* § 2603, at 289 (1978); Black's Law Dictionary 402 (4th ed. 1951). Therefore, I believe that the principles governing deed constructions are inapposite to the validity of devises under a will. A simple policy reason for applying different principles of construction presents itself: the parties may correct an improperly drawn

deed, while a testator, after death, cannot remedy technical mistakes in drafting.

As stated by the majority, *supra*, "[i]n construing a will, the intent of the testator is the 'polar star' which guides the courts." Clearly, a testator's intent differs substantially from a grantor's. The nature of the cases relied on in *Hodges*, actions to recover land and actions of ejectment involving the grantor or his other grantees as plaintiffs or defendants, reveals the need for great specificity in deeds. In each case cited in *Hodges*, the grantor had conveyed away a portion of a larger tract. Applying the principles of contract law, the court in each case attempted to discern the grantor's intent in the deed description. Faced with vague descriptions, the court declared the deed void on the presumption that the grantor intended to convey fee title to a *specific* piece of property but failed to clarify his intent. To enforce the irrevocably vague deed description, by creating a tenancy in common, would have potentially contradicted the grantor's unclarified intent and penalized the grantor or his other grantees.

Meanwhile, a testator's intent is simpler to discern. The testator wishes to devise his entire estate. He is not retaining a portion of the real property for himself, nor is there any chance he will devise the same property to two parties under the same will. He intends to devise all his real property, but since he is not protecting his own property interest, he may not have particular pieces of property in mind—just a fraction of the whole, a piece of the pie. Prior to *Hodges*, our Supreme Court had long recognized a testator's non-specific intent when faced with several devises of specified acreage and effectuated it by declaring the devisees tenants-in-common. *See Caudle v. Caudle*, 159 N.C. 53, 74 S.E. 631 (1912); *Wright v. Harris*, 116 N.C. 462, 21 S.E. 914 (1895); *Harvey v. Harvey*, 72 N.C. 570 (1875); *see also* Annot., 157 A.L.R. 1129 (1945). Consequently, the land description in a devise need not meet the standard set in *Hodges* to fulfill a testator's intent. The quantity of land is the only essential term. The *Hodges* standard, as applied to wills, confounds a testator's intent and should be abandoned.

The trial court, in an obvious attempt to circumvent the rule in *Hodges*, implicitly ruled that the devise to defendant was only latently ambiguous, admitted defendant's parol evidence, and

granted defendant title to a specific thirty acres. It is clear that the devise was too vague to admit parol evidence and grant title to a specific tract. Therefore, summary judgment on this theory was improper. However, applying the law in *Caudle, Wright*, and *Harvey*, I believe that summary judgment in favor of defendant is still proper: the non-specific devises created a tenancy-in-common. Under the terms of the will, defendant is entitled to thirty acres plus 1/8 of the remaining real property held in trust under the residuary clause, as a tenant-in-common with the remaining seven beneficiaries under the residuary clause.

Considering the trust aspect of the residuary clause, I believe the case should be remanded so that the trial court can appoint a panel of commissioners to set aside the thirty acres devised outright to defendant. *Id.*